Juanita AGUIRRE, Appellant,

v.

TEXAS DEPARTMENT OF PROTEC-
TIVE AND REGULATORY SER-
VICES, Appellee.

No. 03–95–00627–CV.

Court of Appeals of Texas,
Austin.

Feb. 28, 1996.

Russell G. Ramirez, Austin, for Appellant.

David M. Gottfried, Leonard Marsh Hurt Terry & Blinn, Austin, Attorney Ad Litem.

Ronald Earle, District Attorney, Ann Forman, Assistant District Attorney, Austin, for Appellee.

Before POWERS, JONES and B.A. SMITH, JJ.

### ORDER

PER CURIAM.

On June 10, 1995, the trial court issued an interlocutory decree terminating the parent-child relationship between appellant Juanita Aguirre and two of her three children, Michelle and Vicente Aguirre. On June 28, 1995, the trial court modified the interlocutory order by deleting the provision dismissing the attorney ad litem for the children and providing that Aguirre's court-appointed attorney could continue to represent her if she decided to appeal. Also on June 28, 1995, the trial court issued a final judgment incorporating the interlocutory judgment that terminated Aguirre's parental rights with respect to Michelle and Vicente, terminating Miguel Aguirre, Sr.'s parental rights with respect to Michelle and Vicente, and severing the cause with respect to the third child, Miguel, Jr.

Aguirre filed a motion for new trial on July 27, 1995, so the deadline to perfect an appeal was extended to ninety days after the judgment was signed, or September 26, 1995. Tex.R.App.P. 41(a)(1). On September 14, 1995, Aguirre filed an affidavit of inability to pay costs of appeal with the trial court, but did not give notice of the filing of the affidavit to the court reporter and the Department until September 20, 1995. On September 27, the day after the ninety-day period expired, the Department filed a motion contesting the affidavit and urging that the appellant could not proceed without paying costs since the notice was not timely. The trial court held a hearing on October 9, 1995, at which it sustained the "contest" on the ground that notice was not timely given. Aguirre filed a cost bond on October 19, 1995. On October 23, 1995, the trial court signed a written order providing that Aguirre must pay costs or give security before appealing because notice had not been timely given.[1]

The Department filed a motion to dismiss Aguirre's appeal for want of jurisdiction on the basis that Aguirre had not timely perfected her appeal. It argues first that Aguirre cannot proceed by affidavit due to her failure to give notice of the filing of the affidavit within two days, as required by Texas Rule of Appellate Procedure 40(a)(3)(B). We agree. It further argues that Aguirre must therefore have filed security or costs by the ninety-day deadline to perfect her appeal. We disagree.

The Texas Supreme Court has long stated that the rules of appellate procedure are

---

1. The trial court did not file a written order until more than ten days after the hearing. However, the trial court was not obligated to hold a hearing on the affidavit since notice was not timely given; therefore the failure to render a written order within ten days of the hearing is irrelevant. *Wheeler v. Baum,* 764 S.W.2d 565, 566 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Bantuelle v. Renfroe,* 620 S.W.2d 635, 637 (Tex.Civ. App.—Dallas 1981, no writ).

interpreted liberally to reach the merits whenever possible. *Jones v. Stayman,* 747 S.W.2d 369, 370 (Tex.1987); *Consolidated Furniture Co., Inc. v. Kelly,* 366 S.W.2d 922, 923 (Tex.1963); *Smirl v. Globe Lab.,* 144 Tex. 41, 188 S.W.2d 676, 678 (1945). To further that principle, it has given appellants broad latitude to amend their perfecting instruments. *See, e.g., Maxfield v. Terry,* 888 S.W.2d 809, 810–11 (Tex.1994) (cost bond can be "amended" by the filing of an additional bond if the first cost bond was mistakenly intended to invoke the appellate court's jurisdiction in two different causes); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992) (notice of appeal could be amended to show correct cause number); *Woods Exploration & Producing Co., Inc. v. Arkla Equip. Co.,* 528 S.W.2d 568, 570 (Tex.1975) (clerk's certificate of cash deposit could be amended to show additional parties).

In *Grand Prairie Independent School District v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991), and *Linwood v. NCNB Texas,* 885 S.W.2d 102, 103 (Tex. 1994), the supreme court broke new ground by holding that an appellant could amend an ineffective perfecting instrument by filing a *different* instrument. In *Grand Prairie,* the court held that an appellant who timely filed a notice of appeal but who should have filed an appeal bond was entitled to amend or refile by filing a cost bond or cash deposit. The court stated:

> If the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.

*Grand Prairie,* 813 S.W.2d at 500.

*Linwood* followed *Grand Prairie* in holding that an appellant who mistakenly filed a notice of appeal, and then filed a cost bond fifty-three days after the judgment was signed, was entitled to appeal. *Linwood*

broadened the concept of a "bona fide attempt" to include cases in which a notice of appeal was filed even though the appellant may have no legitimate reason to believe that it could perfect by notice of appeal. The court reiterated, "The court of appeals ... has jurisdiction over the appeal *if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction.*" *Linwood,* 885 S.W.2d at 103 (emphasis added).

Both *Grand Prairie* and *Linwood* were based in part on Texas Rule of Appellate Procedure 83, which provides that an appeal shall not be "dismissed for defects or irregularities ... in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities." Tex.R.App.P. 83.

This case involves an affidavit of inability to pay rather than a notice of appeal. But an ineffective affidavit is analogous to the notice of appeal in important respects: it is neither cash nor security for costs, and a different perfecting instrument must be filed to properly perfect the appeal. That similarity convinces us that the filing of the affidavit is sufficient to invoke our jurisdiction. Further, we see no reason why an appellant who files an affidavit, which is an appropriate instrument by which to perfect its appeal, but who fails to give the two-day notice, should be worse off than an appellant who mistakenly files a notice of appeal, which is a wholly inappropriate means of perfecting its appeal.[2]

However, since an appellant who fails to give two-day notice may not appeal by affidavit, it must amend the defective affidavit by posting bond or depositing cash. *See* Tex. R.App.P. 40(a)(3)(B). In this case, Aguirre filed a cost bond on October 19, 1995. We hold that the affidavit was a timely filed bona fide attempt to invoke this Court's jurisdiction, and that the cost bond "amends" the affidavit.

---

2. The two-day notice requirement, and the concomitant provision that without proper notice the appellant could not proceed without paying costs, was added in 1981. Before that, an appellant who neglected to give notice of the filing of the affidavit at least had an opportunity to pro-

ceed by affidavit. *See, e.g., Smirl v. Globe Lab.,* 144 Tex. 41, 188 S.W.2d 676, 679 (1945) (court of appeals should have remanded the appeal to the trial court to determine the contest on the affidavit).

 We note also that Aguirre's affidavit of inability, and subsequent cost bond, sought to appeal the interlocutory order that terminated her rights with regard to Michelle and Vicente. With limited exceptions, one can only appeal an order that disposes of all issues and parties. *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). Texas Family Code section 11.19, which provides that appeals from suits terminating the parent-child relationship are allowed "as in civil cases generally," does not authorize the appeal of interlocutory orders terminating the parent-child relationship.[3] Tex.Fam.Code Ann. § 11.19 (West 1986) (since repealed).[4]

 The interlocutory judgment was made final when the trial court severed the cause involving Michelle and Vicente, which it renumbered as cause 94–03960–A, from the cause involving Miguel, Jr.[5] A document filed in an attempt to appeal from an interlocutory order that later becomes final serves to appeal the final judgment. Tex.R.App.P. 58(a), (b); *Yoast v. Yoast*, 649 S.W.2d 289, 291 (Tex.1983); *Berry–Parks Rental Equip. Co., Inc. v. Sinsheimer*, 842 S.W.2d 754, 756–57 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Ragsdale v. The Progressive Voters League*, 730 S.W.2d 176, 177–78 (Tex.App.—Dallas 1987, no writ). Further, an appeal bond that carries the original rather than the severed cause number can be amended to reflect the correct cause number. *Rodriguez*, 828 S.W.2d at 418. This is particularly true when, as here, the record shows that the parties and judge were not confused about the order challenged. *Id.*

The Department's motion to dismiss for want of jurisdiction is overruled. Aguirre's motion in response, which asks that she be permitted to proceed on the cost bond, is granted. We direct Aguirre to amend the cost bond to reflect the correct trial-court cause number, 94–03960–A, and to request that the district court clerk forward a supplemental transcript containing the amended cost bond to this Court by March 13, 1996.

We also grant Aguirre's motion to supplement the record, but direct that the supplemental documents be forwarded to this Court by the district court clerk via the supplemental transcript due on March 13, 1996. Finally, we grant Aguirre's motion to extend time to file the statement of facts and direct her to file it by March 13, 1996, as well.

It is so ordered.

---

3. Compare this language with Texas Family Code section 56.01(a), which states that appeals in juvenile proceedings are governed by the rules applicable to civil proceedings, and cases interpreting that section: *Brenan v. Court of Civil Appeals, Fourteenth Dist.*, 444 S.W.2d 290, 292 (Tex.1968); *In the Matter of T.D.S.*, 810 S.W.2d 906, 907 (Tex.App.—San Antonio 1991, writ denied). Tex.Fam.Code Ann. § 56.01(a), (b) (West 1986 & Supp.1996).

4. Texas Family Code section 11.19 was repealed by Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 2(1), 1995 Tex.Gen.Laws 113, 282 (West).

5. Nothing in the record indicates that the parental rights of either Juanita or Miguel Aguirre, Sr. were terminated with regard to Miguel, Jr. That proceeding is docketed under the original cause number, 94–03960.