STATE of Texas, Appellant,

v.

ORGANIC COMPOSTING RESOURCES
CO., L.C.; Kari Walker; and Thomas
Massimin, Appellees.

No. 03–96–00241–CV.

Court of Appeals of Texas,
Austin.

June 12, 1996.

Rehearing Overruled July 31, 1996.

Dan Morales, Attorney General, Mehron
Azarmehr, Assistant Attorney General, Natural Resources Division, Austin, for Appellant.

Shawn Casey, Houston, for Appellees.

Before POWERS, JONES and B.A.
SMITH, JJ.

PER CURIAM.

The State of Texas (the "State"), attempts to appeal from the entry of an agreed final judgment signed on September 14, 1995.[1] The State seeks jurisdiction in this Court by writ of error. Tex.R.App. P. 45. To prevail on appeal by writ of error, a party to a suit who did not participate at trial must file the petition for writ of error within six months after the judgment was signed and show an error apparent from the face of the record. Tex.R.App. P. 45; *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 943 (Tex.1991). Further, at the time of filing the petition or within the six months following the signing of the judgment, the appellant shall file a cost bond or substitute. An appeal by writ is perfected only when the petition and accompanying bond or substitute is filed. Tex.R.App. P. 45(e), (h).

Our review of the transcript in this cause reveals that the judgment complained of was signed on September 14, 1995. The State filed its petition for writ of error in the trial court on March 6, 1996, within six months from rendition of the judgment. The record reveals that although the State timely filed its petition, it failed to file a notice of appeal in the district court within six months from the date of the judgment. Moreover, there is nothing in the record to suggest that the State sought an extension of time to file such notice.

The State urges that it perfected its appeal by filing a timely petition for writ of error that contained a sufficient notice of the State's appeal. In the alternative, the State urges that should this Court require that a notice of appeal be filed as a separate instrument from a petition for writ of error, jurisdiction is proper because the State's efforts to give notice of its appeal in the body of its petition constitute a bona fide attempt to invoke the jurisdiction of this Court, relying on *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex.1994); *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991); and *Aguirre v. Texas Dep't of Protective & Regulatory*

---

1. In its petition for writ of error, the State contends that it did not participate in the trial of this cause, either in person or by its attorneys, because no trial took place. Further, the State asserts that it did not agree to the judgment that was entered as an agreed final judgment.

*Servs.,* 917 S.W.2d 462 (Tex.App.—Austin 1996, no writ). While each of these cases addresses whether a bona fide attempt to invoke the court's jurisdiction has been made, they are each distinguishable from the instant case.

Only four types of perfecting instruments exist: a cost bond, a cash deposit, an affidavit of inability to pay, and a notice of appeal. Tex.R.App. P. 40(a), (b). In *Grand Prairie,* the appellant filed a notice of appeal rather than a cost bond in an attempt to invoke jurisdiction in the appellate court. The supreme court held that although the wrong instrument was filed, the party seeking to appeal made a bona fide attempt to invoke the jurisdiction of the court of appeals and for this reason the court of appeals was required to allow appellant to amend or refile the proper perfecting instrument. *Grand Prairie,* 813 S.W.2d at 500. In *Linwood,* the court broadened the concept of bona fide attempt to include cases in which a notice of appeal was filed even though the appellant may have no legitimate reason to believe that it could have perfected by notice of appeal. *Linwood,* 885 S.W.2d at 103. In *Aguirre,* the final case relied on by the State, appellant filed an affidavit of inability to pay but failed to give proper notice of the filing of the affidavit as required by Texas Rule of Appellate Procedure 40(a)(3)(B). This Court concluded that a bona fide attempt to perfect had been made and required appellant to post a bond or deposit cash to properly perfect her appeal. *Aguirre,* 917 S.W.2d at 464.

In each of the cited cases, appellant attempted to perfect appeal by filing an incorrect perfecting instrument. In the instant case, the State has failed to file a perfecting instrument. The mere recitation of language consistent with Texas Rule of Appellate Procedure 40(a)(2) in the body of a petition for writ of error does not constitute a proper notice of appeal. *See* Tex.R.App. P. 45. Because the State has failed to perfect its appeal by writ of error, we overrule its motion to supplement the transcript and dismiss this cause for want of jurisdiction.