Plaintiff v. Defedants One, Two & Three 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-249-CV

     PLAINTIFF,
                                                                                   Appellant
     v.

     DEFENDANT ONE, DEFENDANT TWO,
     AND DEFENDANT THREE,
                                                                                   Appellees
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 43,642-272
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On May 31, 1996, Appellant sued Appellees for damages predicated on (1) a sexual assault
allegedly committed by Defendant One and (2) negligent entrustment of real property allegedly
committed by Defendants Two and Three. On June 12, 1996, Appellees filed a motion for final
summary judgment, which the trial court granted in an order signed July 24, 1996. Appellant filed
a motion for new trial on August 23, 1996, which was overruled by operation of law on October
7, 1996. In an apparent attempt to perfect her appeal, Appellant filed an affidavit of inability to
pay costs on October 18, 1996. The transcript was filed in this court on November 7, 1996.
      On December 17, 1996, Appellees filed a "Motion For Dismissal of Appeal For Want of
Jurisdiction or, Alternatively, Motion for Affirmance and Judgment For Costs," claiming that
Appellant's affidavit of inability to pay costs was ineffective to perfect her appeal because
Appellant failed to give Appellees notice of the affidavit within two days of filing as required by
Rule of Appellate Procedure 40(a)(3)(B). See Tex. R. App. P. 40(a)(3)(B). In the motion,
Appellees certified that a copy of the motion was sent by mail to Appellant on December 16. 
Appellant has not responded to the motion.
       Rule of Appellate Procedure 40(a)(3)(B) provides:
[When an Appellant proceeds on his appeal by filing an affidavit of inability to pay costs, he]
or his attorney shall give notice of the filing of the affidavit to the opposing party or his
attorney and to the court reporter of the court where the case was tried within two days after
the filing; otherwise, he shall not be entitled to prosecute the appeal without paying the costs
or giving security therefor.

Id. The language of the rule is clear: if a party wishes to rely upon an affidavit of inability to pay
costs to perfect his appeal, he may only do so if he gives notice to the opposing party and the court
reporter within two days of the affidavit's filing. See Aguirre v. Texas Dep't of Protective and
Regulatory Services, 917 S.W.2d 462, 464 (Tex. App.—Austin 1996, no writ); Furr v. Furr, 721
S.W.2d 565, 566-67 (Tex. App.—Amarillo 1986, no writ).
      Along with their motion to dismiss, Appellees filed affidavits from each of their three
attorneys of record, Charles A. Gall, James W. Bowen, and Stefani I. Silverberg, wherein they
stated that they were not aware of the filing of the affidavit until they read Appellant's "Motion
to Extend Time For Filing Statement of Facts," a document filed in this court on December 9,
1996, and, according to Appellant's counsel, mailed to Charles A. Gall on December 6, 1996. 
There is no evidence in the record that Appellees or any of their attorneys received earlier
notification of the filing of the affidavit. The record is thus clear that Appellant failed to give
notice of the affidavit's filing to Appellees within the two days mandated by Rule 40(a)(4)(B) and,
therefore, Appellant may not rely upon the affidavit as an instrument by which to perfect her
appeal. See Aguirre, 917 S.W.2d at 464; Furr, 721 S.W.2d at 566-67.
      However, because Appellant's affidavit of inability to pay costs is a bona fide effort to invoke
our jurisdiction, we have jurisdiction to allow her the opportunity to properly perfect the appeal. 
Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994); Aguirre, 917 S.W.2d at 464. As
indicated above, Appellees on December 16, 1996, sent a copy of their motion to dismiss to
Appellant. In the motion, Appellees argued that, by operation of Rule 40(a)(3)(B), Appellant had
failed to perfect her appeal. Despite this notice, Appellant has failed to take any additional steps
to properly perfect her appeal. See Tex. R. App. P. 40(a)(1), 60(a)(1), 83.
      The trial court signed the final judgment on July 24, 1996. By virtue of Appellant's timely
filed motion for new trial, the deadline for Appellant to perfect her appeal was extended to
October 22, 1996. As discussed above, Appellant's affidavit of inability to pay costs, filed on
October 18, 1996, was an ineffective perfection instrument. It is, however, the only instrument
upon which Appellant relies to perfect her appeal. Because the affidavit was ineffective and
because no other instrument was filed to perfect her appeal, we conclude that Appellant has failed
to timely perfect her appeal.
      The timely and proper perfection of an appeal is necessary to invoke our jurisdiction. Welch
v. McDougal, 876 S.W.2d 218, 220-22 (Tex. App.—Amarillo 1994, writ denied); El Paso
Sharky's Billiard Parlor, Inc. v. Amparan, 831 S.W.2d 3, 5 (Tex. App.—El Paso 1992, writ
denied); see Tex. R. App. P. 41(a)(1). Because Appellant failed to perfect her appeal, this court
is deprived of jurisdiction over the cause.
      Therefore, the cause is dismissed for want of jurisdiction.
                                                                               PER CURIAM

Before Chief Justice Davis 
            Justice Cummings and
            Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed January 15, 1997
Do not publish