TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00275-CV






Lydia Gardner, Appellant



v.



Commission for Lawyer Discipline, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 96-05965, HONORABLE GEORGIA DEMPSTER, JUDGE PRESIDING 







 Appellee Commission for Lawyer Discipline sued appellant Lydia Gardner in district court
to disbar her. After a bench trial, the court rendered a final judgment of disbarment. Gardner appeals this
judgment by four points of error. We will affirm the judgment of the trial court.


PROCEDURAL BACKGROUND

 Our consideration of this appeal must begin with the appeal's procedural history. The trial
court signed the final judgment on February 7, 1997. On March 10, 1997, Gardner filed a notice of
appeal and requested that the clerk prepare the clerk's record. See Tex. R. App. P. 35.3(a) (formerly
Rule 51(c)). She did not, however, file a request that the court reporter prepare the reporter's record. 
See Tex. R. App. P. 35.3(b) (formerly Rule 53(a)). In May 1997, the district clerk timely filed the clerk's
record with this Court. See Tex. R. App. P. 26.1(a), 35.1(a) (timely filed motion for new trial enlarged
amount of time clerk had to file clerk's record). The reporter's record was due on June 9, 1997, but was
not filed by that date. 

 As of September 1997, this Court had not received a brief from appellant. We notified
her that we had received neither a brief nor a motion to extend the time to file a brief, and that if she did
not file a brief, the case would be dismissed for want of prosecution. The Court retained the case on the
docket and in early November, appellant obtained two extensions of time to file her brief, which she in fact
filed on November 13, 1997. As of that date, no reporter's record had been filed, nor did this Court's file
reflect that appellant had either requested such record or made satisfactory arrangements to pay for it. See
Tex. R. App. P. 35.3(b)(2),(3) (formerly Rule 53(a), (g)). 

 On December 2, 1997, this Court notified appellant by letter that the reporter's record was
due and unfiled. The letter stated this Court's intent to submit the cause without a reporter's record upon
receipt of the Commission's brief, unless appellant notified this Court of her intent to tender a reporter's
record and provided evidence that she had made arrangements to pay for the reporter's record. (1)

 On December 15, 1997, this Court received a letter from appellant indicating that she
desired to obtain the reporter's record, had secured employment, and intended to make payment
arrangements with the court reporter. The letter also indicated she would notify the Court when she had
made the arrangements. (2)
 

 As of February 20, 1998, having received no further correspondence from appellant, we
notified her that the cause would be submitted on oral argument on March 25, 1998.

 Appellant appeared pro se for oral argument and stated she had made no arrangements
for providing the reporter's record to this Court and did not indicate that she would be able to do so in the
future. She did not request a further extension of time.


DISCUSSION Appellant was responsible for paying for the preparation of the reporter's record. Tex.
R. App. P. 35.3(b)(3) & 37.3(c)(2) (formerly Rules 53 & 54). She has neither paid the reporter's fee,
made satisfactory arrangements with the reporter to pay the fee, nor established entitlement to appeal
without paying the fee. See id.; see also Tex. R. App. P. 20.1 (formerly Rule 53(j)(1)). (3) This Court gave
her notice of this deficiency and afforded her a reasonable opportunity to cure it, but she failed to do so. 

 Under these circumstances, we do not consider issues that require a reporter's record for
a decision. Tex. R. App. P. 37.3(c) (no analogous former rule). Texas Rule of Appellate Procedure
37.3(c) reads:


If No Reporter's Record Filed Due to Appellant's Fault. Under the following
circumstances, and if the clerk's record has been filed, the appellate court may -- after
first giving the appellant notice and a reasonable opportunity to cure -- consider and
decide those issues or points that do not require a reporter's record for a decision. The
court may do this if no reporter's record has been filed because:


(1) the appellant failed to request a reporter's record; or


(2) (A) appellant failed to pay or make arrangements to pay the reporter's fee to
prepare the reporter's record; and


 (B) the appellant is not entitled to proceed without payment of costs.


Pursuant to order of the Supreme Court of Texas, this rule applies to all appeals, including those pending
at the time the supreme court enacted the new rules. See Final Approval of Revisions to the Texas Rules
of Appellate Procedure, Section 5 (adopted Aug. 15, 1997), 60 Tex. B.J. 876 (1997).

 Appellant presents four issues for our review. First, she contends the evidence is legally
and factually insufficient to support the judgment. In her second and third points of error, she argues she
did not have effective assistance of counsel at her trial. Finally, she contends the trial judge was so biased
and inexperienced that appellant did not receive a fair and impartial trial. Each of these issues requires
consideration of the reporter's record for decision.

 At least a partial reporter's record is necessary to a decision on the sufficiency of the
evidence supporting a judgment. Compare Englander Co. v. Kennedy, 428 S.W.2d 806, 807 (Tex.
1968) and former Tex. R. App. P. 53(d) with current Tex. R. App. P. 34.6(c)(4). Assuming without
deciding that appellant was entitled to raise an issue concerning effective assistance of counsel in this civil
disciplinary proceeding, she cannot prevail on her second and third points of error without providing a
record of her counsel's deficiencies. Cf. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994) (record of ineffective assistance of counsel required in criminal proceeding). Finally, it is self-evident
that we cannot evaluate whether appellant received a fair and impartial trial without a record of the trial
proceedings. 

 Because all of the issues appellant presents require evaluation of a reporter's record not
before us, we do not consider or decide these issues. Tex. R. App. P. 37.3(c). (4)


CONCLUSION

 We conclude that the absence of the reporter's record is appellant's fault, and that this
Court has given her notice and a reasonable opportunity to cure. Each of the issues she raises require a
reporter's record for a decision. Without considering or deciding those issues, we affirm the judgment of
the trial court.



 _____________________________________________

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: April 9, 1998

Do Not Publish
1. The letter read as follows:


The Court has granted the second motion for extension of time to file appellant's brief and
filed the brief as of the date received, November 13, 1997. A review of the brief shows
that there are no record references by page, although references are made to the
"Reporter's Record," which was due June 9, 1997. Even after September 1, 1997, the
appellant is responsible for requesting and making payment arrangements for the reporter's
record. Tex. R. App. P. 35(b). As of [December 2, 1997], we have no evidence that
appellant has ever done so. As noted in our previous correspondence, appellant may not
proceed as an indigent. Accordingly, if appellant is planning on tendering a reporter's
record under the "transition rules," she should notify this office as soon as possible and
provide evidence that payment arrangements have been made. Otherwise, after receipt
of appellee's brief, the cause will be submitted in due course without a reporter's record. 
See "Final Approval of Revisions to the Texas Rules of Appellate Procedure," Rule 5
(Aug. 15, 1997), but see Tex. R. App. P. 37.3(c) (no reporter's record filed due to
appellant's fault).


(Emphasis in original.)
2. The letter read as follows:


 I would like an opportunity to secure the transcript in the above referenced cause. 
I have finally secured steady employment as a substitute teacher in A.I.S.D. This position
will enable me to pay the fee required by the Court reporter for the transcript. The
approximate costs of the transcript is $2,800.00. The reporter is requiring that one half
($1400) be paid prior to her beginning on the document.


 My first pay period with the District is December 19th. It is my intention to
negotiate a payment schedule. As soon as this has been accomplished, I will copy the
arrangements to your office.

3. In the trial court, appellant filed a document entitled "Affidavit of Inability to Give Cost Bond." The
document contained no averments that she was unable to pay the cost of appeal or give security therefor. 
Furthermore, the clerk's record does not reflect that she served her opposing counsel with notice of the
filing of the affidavit. See Tex. R. App. P. 20.1 (former Rule 40(a)(3)(B), the version that applied at the
time appellant filed the affidavit in the trial court); see also Aguirre v. Texas Dep't of Protective and
Regulatory Servs., 917 S.W.2d 462 (Tex. App.--Austin 1996) (order on motion). The record before
us does not reflect that the trial court held a hearing on this affidavit, but appellant subsequently filed a cash
deposit in lieu of an appeal bond in the trial court. See Tex. R. App. P. 24.1(a), (c)(1)(A) (former Rule
48). She did not file any other affidavits alleging indigence.
4. We also note that on March 10, 1997, appellant submitted a request for findings of fact and
conclusions of law. See Tex. R. Civ. P. 296. The Commission filed a response to appellant's request,
pointing out that she did not file her request timely, the final judgment having been signed February 7, 1997. 
See Tex. R. Civ. P. 296 (requiring request to be filed within 20 days of date judgment signed). The court
filed no findings and conclusions and appellant did not pursue the matter. Without findings of fact, we
generally presume the trial court made the findings necessary to support its judgment. E.g., Zac Smith &
Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). 



CONCLUSION

 We conclude that the absence of the reporter's record is appellant's fault, and that this
Court has given her notice and a reasonable opportunity to cure. Each of the issues she raises require a
reporter's record for a decision. Without considering or deciding those issues, we affirm the judgment of
the trial court.



 _____________________________________________

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: April 9, 1998

Do Not Publish
1. The letter read as follows:


The Court has