**Cenobio CORONADO and Ofelia Coronado, Individually and as Next Friends of their Children Armando Coronado, Alicia Coronado, and Anna Cristina Coronado, Appellants,**

v.

**FARMING TECHNOLOGY, INC., Appellee.**

**No. 01–99–00171–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 10, 1999.

Harold Eisenman, Houston, for Appellant.

Roger L. McCleary, Beirne, Maynard & Parsons, L.L.P., Houston, TX, E. Michelle Bohreer, Boyar, Simon & Miller, Houston, Tx., for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices HEDGES and ANDELL.

### ORDER

PER CURIAM.

This is an appeal from an order signed on June 8, 1998 granting appellee's motion for summary judgment, which became final when an order was signed on November 13, 1998 severing appellee from the trial court cause. A motion for new trial was timely filed; however, appellants filed their notice of appeal on February 18, 1999, seven days late. *See* Tex.R.App.P. 26.1(a)(1). Appellants did not file a motion for an extension of time to file their notice of appeal. *See* Tex.R.App.P. 26.3.

Although we construe a notice of appeal filed beyond the time allowed by rule 26.1(a)(1), but within the 15–day period allowed under Tex.R.App.P. 26.3, to imply a motion for an extension of time, it is still necessary for an appellant to offer a reasonable explanation for its failure to timely file a notice of appeal. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998) (applying *Verburgt* holding to pauper's affidavit filed in lieu of appeal bond); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (under predecessor rule of rule 26.3, motion for extension of time necessarily implied when appellant acting in good faith files appeal bond within 15–day extension period).

Unless within 15 days of the date of this order, appellants file an explanation reasonably explaining their failure to timely file their notice of appeal, this appeal will be dismissed for want of jurisdiction. *See Harris v. Borne,* 933 S.W.2d 535, 536 (Tex. App.—Houston [1st Dist.] 1995) (order) (for court to grant extension to perfect appeal, appellant must file the instrument required to perfect appeal and extension motion within the time required by appellate rules); TEX.R.APP.P. 42.3(a).

It is so **ORDERED.**