Opinion issued April 4, 2002









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00925-CV






BOBBY RAY LYNCH, Appellant


V.


UNSERVED DEFENDANTS, Appellees






On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21,202






O P I N I O N

 This is an appeal from an order of dismissal signed on August 20, 2001. 
Appellant filed a motion to reinstate, the functional equivalent of a motion for new
trial, on September 24, 2001, five days late. See Tex. R. Civ. P. 329b(a). 
Accordingly, his notice of appeal was due 30 days after the judgment was signed. See
Tex. R. App. P. 26.1(a)(1). 

 Appellant filed a notice of appeal on September 28, 2001, nine days late. See
Tex. R. App. P. 26.1. Appellant did not file a motion for an extension of time to file
his notice of appeal. See Tex. R. App. P. 26.3. Although we construe a notice of
appeal filed beyond the time allowed by rule 26.1(a)(1), but within the 15-day period
allowed under rule 26.3, to imply a motion for an extension of time, it is still
necessary for an appellant to offer a reasonable explanation for his failure to timely
file a notice of appeal. Coronado v. Farming Technology, Inc., 994 S.W.2d 901, 901
(Tex. App.--Houston [1st Dist.] 1999) (order); see Jones v. City of Houston, 976
S.W.2d 676, 677 (Tex. 1998) (applying Verburgt holding to pauper's affidavit filed
in lieu of appeal bond); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (under
predecessor rule of rule 26.3, motion for extension of time necessarily implied when
appellant acting in good faith files appeal bond within 15-day extension period).

 On January 10, 2002, the Court issued an order stating that unless, within 15
days of the date of the order, appellant filed an explanation reasonably explaining his
failure to timely file his notice of appeal, the appeal would be dismissed for want of
jurisdiction. Coronado, 994 S.W.2d at 902; Tex. R. App. P. 42.3(a). Appellant has
not responded to the Court's order of January 10, 2002.

 Accordingly, the appeal is dismissed.

PER CURIAM

Panel consists of Justices Cohen, Hedges, and Nuchia.

Do not publish. Tex. R. App. P. 47.