Opinion issued April 18, 2002









In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00853-CV






JOHN ADI, Appellant


V.


RAPID BAIL BONDING CO. AND MARTIN HALICK, Appellees






On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2001-14130






O P I N I O N

 According to information provided by the district clerk, this is an appeal by a
pro se inmate appellant from an order signed on August 16, 2001 dismissing his case
for want of prosecution. No postjudgment motion was filed, and appellant filed his
notice of appeal on September 19, 2001, which was two days late.


 On February 21, 2002, the Court issued an order stating, among other things:

It appears to this Court that appellant did not timely file his notice of
appeal, although he did file his notice of appeal within the grace period
set forth in Tex. R. App. P. 26.3. However, appellant did not file a
motion for an extension of time to file his notice of appeal. See Tex. R.
App. P. 26.3. Although we construe a notice of appeal filed beyond the
time allowed by rule 26.1(a)(1), but within the 15-day period allowed
under Tex. R. App. P. 26.3, to imply a motion for an extension of time,
it is still necessary for an appellant to offer a reasonable explanation for
his failure to timely file a notice of appeal. Coronado v. Farming
Technology, Inc., 994 S.W.2d 901, 901 (Tex. App.--Houston [1st Dist.]
1999) (order); see Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex.
1998) (applying Verburgt holding to pauper's affidavit filed in lieu of
appeal bond); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)
(under predecessor rule of rule 26.3, motion for extension of time
necessarily implied when appellant acting in good faith files appeal
bond within 15-day extension period).


Unless within 30 days of the date of this order, appellant files an
explanation reasonably explaining his failure to timely file his notice of
appeal, this appeal will be dismissed for want of jurisdiction. Coronado,
994 S.W.2d at 902; Tex. R. App. P. 42.3(a).


The order also suggested that appellant could demonstrate to the Court that his notice
of appeal was timely under the mailbox rule of Tex. R. Civ. P. 5.

 Appellant has not responded to this Court's order of February 21, 2002. This
Court has no jurisdiction to consider an untimely notice of appeal. See McCaskell v.
The Methodist Hosp., 856 S.W.2d 519, 521 (Tex. App.-Houston [1st Dist.] 1993, no
writ). Appellant having failed to provide this Court a reasonable explanation for his
late notice of appeal in accordance with Tex. R. App. P. 26.3 and Verburgt v. Dorner,
the appeal is hereby dismissed.

 Having determined that it has no jurisdiction over the appeal, the Court does
not decide appellant's motion for review of the trial court's order of October 8, 2001.

PER CURIAM

Panel consists of Justices Cohen, Hedges, and Nuchia.

Do not publish. Tex. R. App. P. 4