Opinion issued May 2, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00066-CV

____________


HENRY P. MASSEY, Appellant


V.


JOHN H. MASSEY, INDEPENDENT EXECUTOR OF THE ESTATE OF
DOROTHY P. MASSEY, Appellee






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2001-38885






O P I N I O N

 According to information provided by the trial court clerk, this is an
accelerated appeal from a judgment or order signed on December 12, 2001. A notice
of appeal was filed on January 10, 2002. The record was due on January 26, 2002. 
The court reporter has advised the Court that there is no reporter's record. The
clerk's record has not been filed, and the trial court clerk has advised the Court that
the clerk's record has been prepared, that appellant has been notified it is ready, and
that appellant has not paid for the clerk's record. On April 4, 2002, the Court issued
an order, ruling as follows:


 Appellant has not paid the appellate filing fee of $125. Unless and until
such filing fee is paid in accordance with the Court's order of March 5,
2002, the appeal is subject to being dismissed at any time.

 Subject to payment being made by appellant, the trial court clerk is
ordered to file the clerk's record within 15 days of the date of this
order. If the clerk's record is not so filed, at the expiration of such 15-day period, the trial court clerk is ordered to advise this Court in writing
of the reason why the clerk's record has not been filed. If the reason is
the failure of appellant to pay for the clerk's record, appellant is advised
that the appeal is subject to being dismissed. See Tex. R. App. P.
37.3(b).

 Assuming that this is, in fact, an accelerated appeal, the notice of appeal
was due on January 2, 2002. Appellant filed the notice of appeal on
January 10, 2002. Unless within 15 days of the date of this order,
appellant files an explanation reasonably explaining his failure to timely
file his notice of appeal, this appeal will be dismissed for want of
jurisdiction. See Coronado v. Farming Technology, Inc., 994 S.W.2d
901, 901 (Tex. App.--Houston [1st Dist.] 1999) (order); see Jones v.
City of Houston, 976 S.W.2d 676, 677 (Tex. 1998) (applying Verburgt
holding to pauper's affidavit filed in lieu of appeal bond); Verburgt v.
Dorner,959 S.W.2d 615, 617 (Tex. 1997) (under predecessor rule of rule
26.3, motion for extension of time necessarily implied when appellant
acting in good faith files appeal bond within 15-day extension period). 



 Appellant has not responded to this Court' order of April 4, 2002. No filing
fee has been paid; no clerk's record has been filed; and no explanation has been
provided for the late notice of appeal. 

 Accordingly, the appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Cohen, Jennings, and Radack.

Do not publish. Tex. R. App. P. 47.