In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01328-CV

____________


BEAUREGARD STUBBLEFIELD, SR., Appellant


V.


COURTLAND VILLAGE TOWNHOMES

HOMEOWNER'S ASSOCIATION, Appellee





On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 99-56762





O P I N I O N

 Appellee, Courtland Village Townhomes Homeowner's Association
(Courtland), sued appellant, Beauregard Stubblefield, Sr. (Stubblefield), to collect
unpaid maintenance assessments. The trial court rendered summary judgment for
Courtland. We dismiss the appeal for lack of jurisdiction.


Background


 In 1988, Stubblefield bought a townhome in the Courtland Village Townhome
complex. In 1994, he quitclaimed his interest in the townhome to his children: 
Beauregard Stubblefield, Jr., Brenda S. Peterson, Benjamin C. Stubblefield, and
Belinda Stubblefield (the Children). 

 This is Stubblefield's fourth appeal. (1) In 1996, Stubblefield sued Courtland for
breach of covenant and fraud. He sought damages based on an alleged leaking roof,
alleging that Courtland did not repair and maintain the common roof above the
townhome. The trial court rendered judgment for Courtland, and Stubblefield
appealed. Thereafter, all of the Children, except Brenda Peterson, deeded the
townhome back to Stubblefield. Courtland then initiated this underlying lawsuit
against Stubblefield and the Children for any unpaid maintenance assessments that
had accrued since the previous judgment.

 Courtland moved for summary judgment, to which Stubblefield did not file a
response. After a hearing, the trial court rendered a partial summary judgment for
Courtland against Stubblefield only, not against the Children. Stubblefield then filed
a counterclaim, attempting to raise the same issues he had asserted in his previous
lawsuit against Courtland, such as breach of covenant for maintenance. Courtland
moved to dismiss Stubblefield's counterclaims, arguing that these issues had already
been litigated. The trial court granted Courtland's motion to dismiss Stubblefield's
counterclaims.

 After the trial court rendered a partial summary judgment against Stubblefield
and dismissed his counterclaims, Courtland moved to sever its claim against
Stubblefield from its claim against Brenda Peterson--the remaining child who had
not deeded the property back to Stubblefield. On August 31, 2000, the trial court
granted the motion to sever, ordering as follows: 

 The causes of action asserted by [Courtland] against [Stubblefield] be
and the same hereby are, severed from this action and made the subject
of a separate action, and as it has proceeded to a Final Judgment in this
Court, it shall hereinafter bear Docket Number 1999-56752A. 

 Accordingly, the claims against Brenda Peterson remained the main lawsuit
with cause number 1999-56752. The claims against Stubblefield proceeding to a
final judgment and were assigned the new cause number 1999-56752A. Stubblefield
filed a motion to set aside the severance order, which the trial court denied. 
Stubblefield then filed a notice of appeal in the main cause number 1999-56752. 

Jurisdiction

 Stubblefield has not appealed the final judgment rendered against him in cause
number 1999-56762A. Instead, he appealed cause number 1999-56762, to which he
was no longer a party. Although Stubblefield contends that he did not have notice of
the severance order, the record reveals that he filed a motion to set aside the
severance order. 

 We recognize that the notation of an incorrect cause number on a notice of
appeal does not defeat jurisdiction in a court of appeals, when the appellant's attempt
to perfect the appeal was "bona fide," the cause number incorrectly transcribed on the
notice of appeal had no association with or similarity to the style of case, and there
was no suggestion of confusion regarding the judgment from which appellant sought
appeal. City of San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992). Courts
have held that an appeal bond stating the original, rather than the severed cause
number, can be amended to reflect the correct cause number. See, e.g., Aguirre v.
Texas Dep't of Protective & Regulatory Servs., 917 S.W.2d 462, 465 (Tex.
App.--Austin 1996, no writ) (affidavit of inability to pay rather than notice of
appeal).

 This case is distinguishable, however. Stubblefield not only failed to correctly
identify the trial court cause number, he also failed to satisfy two additional
requirements of Texas Rule of Appellate Procedure 25.1. Specifically, his notice of
appeal did not state the date of the final judgment, nor did it state the court to which
the appeal is taken. See Tex. R. App. P. 25.1 (requiring notice of appeal to state that
appeal is to either the First or Fourteenth Court of Appeals). This is Stubblefield's
fourth appeal regarding the same issues. His notice of appeal was deficient in three
respects. For these reasons, we dismiss the appeal for lack of jurisdiction. Id.

Conclusion


 The appeal is dismissed for lack of jurisdiction. Any pending motions are
denied as moot.



 Adele Hedges

 Justice



Panel consists of Chief Justice Schneider and Justices Hedges and Nuchia.

Do not publish. Tex. R. App. P. 47.
1. In Stubblefield's first appeal, this Court reversed and remanded based on the
statute of limitations. Stubblefield v. Courtland Village Townhomes
Homeowner's Ass'n, No. 01-98-00258-CV (Tex. App.--Houston [1st Dist.]
May 6, 1999, no pet.) (not designated for publication). After remand, the trial
court again rendered judgment for Courtland. Stubblefield filed his second
appeal, and we affirmed the judgment of the trial court. Stubblefield v.
Courtland Village Townhomes Homeowner's Ass'n, No. 01-99-01367-CV
(Tex. App.--Houston [1st Dist.] May 24, 2001, no pet.) (not designated for
publication). We dismissed Stubblefield's third appeal for lack of jurisdiction
because the record did not contain a final judgment. Stubblefield v. Courtland
Village Townhomes Homeowner's Ass'n, No. 01-00-00454-CV (Tex.
App.--Houston [1st Dist.] August 24, 2000, no pet.) (not designated for
publication).