### In the Interest of M.A.H., A Child.

### No. 10–02–234–CV.

Court of Appeals of Texas, Waco.

Oct. 16, 2002.

Julia A. Adams, Waco, for appellant/relator.

Brian E. Howell, Clark, Clark & Howell, Waco, for respondent.

Diane Hightower, Meridian, for ad litem.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## NOTICE REGARDING STATUS
## OF APPEAL

PER CURIAM.

A jury found that Destiny Dawn Merritt's parental rights with respect to her daughter M.A.H. should be terminated. The trial court signed a decree in accordance with the verdict on May 29, 2002. Merritt filed a motion for new trial and an indigence affidavit on June 27. She did not file a formal notice of appeal until August 9, twenty-three days after the trial court sustained the court reporter's contest of her indigence affidavit.

## TIMELINESS OF NOTICE
## OF APPEAL

Based on a recent amendment to the Family Code, this is an accelerated appeal. TEX. FAM.CODE. ANN. § 109.002(a) (Vernon 2002). Therefore, the notice of appeal was due twenty days after the decree was signed, which was June 18. TEX. R.APP. P. 26.1(b). Merritt's motion for new trial did not extend the due date for her notice of appeal. *Id.* 28.1. Accordingly, her formal notice of appeal is untimely.

Nevertheless, "[a] court of appeals has jurisdiction over any appeal where the appellant files an instrument that 'was filed in a bona fide attempt to invoke appellate court jurisdiction.'" *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) (quoting *Walker v. Blue Water Garden Apartments,* 776 S.W.2d 578, 581 (Tex.1989)); *accord Foster v. Williams,* 74 S.W.3d 200, 203 (Tex.App.-Texarkana 2002, pet. denied); *Health Care Ctrs. of Tex., Inc. v. Nolen,* 62 S.W.3d 813, 815 (Tex.App.-Waco 2001, no pet.). Only two documents arguably can be considered to have invoked our jurisdiction under this principle: the motion for new trial or the indigence affidavit. *See Aguirre v. Texas Dep't of Protective & Regulatory Servs.,* 917 S.W.2d 462, 464 (Tex.App.-Austin 1996, order, writ denied); *J.C. v. State,* 892 S.W.2d 85, 86 (Tex.App.-El Paso 1994, no writ); *see also Foster,* 74 S.W.3d at 203 (construing docketing statement as bona fide attempt to perfect appeal). However, Merritt filed these documents nine days late. *See* TEX.R.APP. P. 26.1(b).

## IMPLIED EXTENSION

The appellate rules permit this Court to extend the time for filing the notice of appeal if a party files the notice of appeal in the trial court and a motion for extension in this Court within fifteen days "after the deadline for filing the notice of appeal." *Id.* 26.3. Merritt filed the motion for new trial and the indigence affidavit within this fifteen-day window. If she filed one of these documents in a "bona fide attempt" to invoke our jurisdiction, then we must imply a motion for extension. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997); *In re B.G.,* 104 S.W3d 565, 567 (Tex.App.-Waco 2002, order); *Weik v. Second Baptist Church,* 988 S.W.2d 437, 439 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). However, this implied motion will not be granted unless Merritt can provide a reasonable explanation for the late filing. Tex.R.App. P. 10.5(b)(1)(C), 26.3(b); *Verburgt,* 959 S.W.2d at 617; *Cotton v. Cotton,* 57 S.W.3d 506, 508–09 (Tex.App.-Waco 2001, no pet.); *Coronado v. Farming Tech., Inc.,* 994 S.W.2d 901, 901 (Tex.App.-Houston [1st Dist.] 1999, order, no pet.).

■ Therefore, we hereby notify Merritt that her appeal is subject to dismissal for want of jurisdiction unless she files a response showing a reasonable explanation for the late filing of her appeal. *See* Tex. R.App. P. 42.3(a); *B.G.,* 104 S.W.3d at 567; *Coronado,* 994 S.W.2d at 901–02. If she fails to do so within ten days after the date of this notice, her appeal will be dismissed for want of jurisdiction.

Justice GRAY concurring and dissenting.

TOM GRAY Justice, dissenting and concurring.

In the guise of a "notice," the majority has not just become the advocate for a party, but has gone into the mind of a party and determined the party's subjective intent, given that subjective intent conclusive effect under the law, and then instructs the party to explain why they are correct in divining the party's intention or suffer dismissal as a consequence.

Merritt's notice of appeal was not filed timely. To overcome this problem she must show she timely filed some document in a bonafide attempt to invoke our jurisdiction. But no document was timely filed to invoke our jurisdiction. The majority has linked two concepts together to save her—a bonafide attempt to invoke our jurisdiction and an implied motion for extension of time to file a notice of appeal. *See Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) and *Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997), *respectively.* Thus, the majority has held that, within 15 days of the date the notice of appeal was due, she filed some document attempting to invoke our jurisdiction, and therefore a motion for extension of time to file a notice of appeal was implied.

But to receive the benefit of the implied motion, she must have intended that the document be filed for the purpose of invoking our jurisdiction. It is not enough that the document could be so construed as an attempt to invoke our jurisdiction. The party must actually have filed it for the purpose of invoking our jurisdiction.

When the document filed late is the notice of appeal, it is obviously filed in an effort to invoke our jurisdiction. This is also true of the older cases when a defective appeal bond was filed. The purpose of such a filing was beyond dispute. But when some other document is filed late, unless we are clairvoyant, we do not know why the document has been filed. Thus

seldom, if ever, could a motion for new trial be intended to invoke our jurisdiction, because the express purpose of a motion for new trial is just that, to have the trial court order a new trial, not to obtain appellate review of the judgment. Even if we harken back to the days that a motion for new trial was a necessary predicate to bring an issue on appeal, the motion for new trial would have been properly characterized as a prerequisite to an appeal, not an effort to invoke appellate jurisdiction.

We have not previously notified the parties that our jurisdiction was in question. The parties, therefore, have not advised us of the purpose for the filing of the motion for new trial or the indigency affidavit. The majority speaks for Merritt by telling her why she filed these documents. We should not.

After telling Merritt why she filed these documents, the majority then tells her all that we should be telling her, and which is what we have consistently told other litigants in the past: "... that her appeal is subject to dismissal for want of jurisdiction unless she files a response showing a reasonable explanation for the late filing of her [notice of] appeal."

When we raise jurisdiction on our own motion due to the failure to timely file a notice of appeal, as we have done in this case, I contend the party should be advised by letter, because there is no need for a published notice, that the notice of appeal appears to be filed late and the appeal is subject to dismissal unless grounds for continuing the appeal are shown. *See e.g. In the Interest of B.G.*, 104 S.W.3d 565, 567, 2002 Tex.App. Lexis 4371, *3 (Waco 2002, order). Accordingly, I can join only that portion of the notice which notifies the parties that we are questioning our own jurisdiction and that they should explain why this appeal is not subject to dismissal.