In the Interest of M.A.H., a Child














IN THE
TENTH COURT OF APPEALS
 

No. 10-02-234-CV

IN THE INTEREST OF M.A.H., A CHILD

 

From the 220th District Court
Bosque County, Texas
Trial Court # 01-08-23001-BCFM
                                                                                                                
                                                                                                         
NOTICE REGARDING STATUS OF APPEAL
                                                                                                                

      A jury found that Destiny Dawn Merritt’s parental rights with respect to her daughter M.A.H.
should be terminated. The trial court signed a decree in accordance with the verdict on May 29,
2002. Merritt filed a motion for new trial and an indigence affidavit on June 27. She did not file
a formal notice of appeal until August 9, twenty-three days after the trial court sustained the court
reporter’s contest of her indigence affidavit.
TIMELINESS OF NOTICE OF APPEAL
      Based on a recent amendment to the Family Code, this is an accelerated appeal. Tex. Fam.
Code. Ann. § 109.002(a) (Vernon 2002). Therefore, the notice of appeal was due twenty days
after the decree was signed, which was June 18. Tex. R. App. P. 26.1(b). Merritt’s motion for
new trial did not extend the due date for her notice of appeal. Id. 28.1. Accordingly, her formal
notice of appeal is untimely.
      Nevertheless, “[a] court of appeals has jurisdiction over any appeal where the appellant files
an instrument that ‘was filed in a bona fide attempt to invoke appellate court jurisdiction.’” Grand
Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991) (quoting
Walker v. Blue Water Garden Apartments, 776 S.W.2d 578, 581 (Tex. 1989)); accord Foster v.
Williams, 74 S.W.3d 200, 203 (Tex. App.—Texarkana 2002, pet. denied); Health Care Ctrs of
Tex., Inc. v. Nolen, 62 S.W.3d 813, 815 (Tex. App.—Waco 2001, no pet.). Only two documents
arguably can be considered to have invoked our jurisdiction under this principle: the motion for
new trial or the indigence affidavit. See Aguirre v. Texas Dep’t of Protective & Regulatory Servs.,
917 S.W.2d 462, 464 (Tex. App.—Austin 1996, order, writ denied); J.C. v. State, 892 S.W.2d
85, 86 (Tex. App.—El Paso 1994, no writ); see also Foster, 74 S.W.3d at 203 (construing
docketing statement as bona fide attempt to perfect appeal). However, Merritt filed these
documents nine days late. See Tex. R. App. P. 26.1(b).
IMPLIED EXTENSION
      The appellate rules permit this Court to extend the time for filing the notice of appeal if a
party files the notice of appeal in the trial court and a motion for extension in this Court within
fifteen days “after the deadline for filing the notice of appeal.” Id. 26.3. Merritt filed the motion
for new trial and the indigence affidavit within this fifteen-day window. If she filed one of these
documents in a “bona fide attempt” to invoke our jurisdiction, then we must imply a motion for
extension. Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); In re B.G., No. 10-02-019-CV, slip op. at 2, 2002 WL 1339502, at *1 (Tex. App.—Waco June 19, 2002, order); Weik v.
Second Baptist Church, 988 S.W.2d 437, 439 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
However, this implied motion will not be granted unless Merritt can provide a reasonable
explanation for the late filing. Tex. R. App. P. 10.5(b)(1)(C), 26.3(b); Verburgt, 959 S.W.2d at
617; Cotton v. Cotton, 57 S.W.3d 506, 508-09 (Tex. App.—Waco 2001, no pet.); Coronado v.
Farming Tech., Inc., 994 S.W.2d 901, 901 (Tex. App.—Houston [1st Dist.] 1999, order, no pet.).
      Therefore, we hereby notify Merritt that her appeal is subject to dismissal for want of
jurisdiction unless she files a response showing a reasonable explanation for the late filing of her
appeal. See Tex. R. App. P. 42.3(a); B.G., No. 10-02-019-CV, slip op. at 3, 2002 WL 1339502,
at *1; Coronado, 994 S.W.2d at 901-02. If she fails to do so within ten days after the date of this
notice, her appeal will be dismissed for want of jurisdiction.
 
                                                                   PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring and dissenting)
Notice issued and filed October 16, 2002
Publish



me of employees while engaged in the course and scope of
employment traveling to and from work. And, if Mathis is engaged in the course and scope of
employment, the co-worker with him cannot sue Mathis (fellow servant doctrine), but a guest
passenger will be able to sue Limestone.
      I believe the existing law is clear. If Mathis was an employee, he was engaged in nothing
more than a routine trip to his place of employment when he was involved in an
automobile/motorcycle collision resulting in the death of Mr. McNamara. It was a tragic event
and Mr. McNamara’s family may be entitled to compensation for his death. But the law the
majority creates to allow them to recover from Limestone is not supported by existing law, nor
should we extend existing law to make Limestone liable on these facts. Because the majority holds
that on these facts it could be determined that Mathis was acting in the course and scope of his
employment for which Limestone would thus be liable if Mathis was negligent, I respectfully
dissent.

                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed January 10, 2001
Publish