**In the Interest of K.A.F.**

**No. 09–04–028 CV.**

Court of Appeals of Texas, Beaumont.

March 18, 2004.

Review Granted Dec. 17, 2004.

Rehearing Denied May 13, 2005.

Susan Carroll Capps, pro se.

Clinard J. Hanby, The Woodlands, for appellant.

Ronnie Cohee, Beaumont, for appellee.

Rod J. Paasch, for ad litem.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

---

**48.** *Sheffield,* 140 S.W.3d at 678–679.

**49.** *Id.* at 679.

**50.** Tex. Gov't Code § 2007.001–.045.

## MEMORANDUM OPINION[1]

PER CURIAM.

On February 5, 2004, we notified the parties that jurisdiction appeared to be lacking, and the appellant filed a response. The judgment terminating the parental rights of the appellant, Susan Carroll Capps, was signed on November 3, 2003. A notice of appeal was filed on January 16, 2004, more than 20 days from the date the judgment was signed and after the time in which an extension of time for filing notice of appeal may be granted. TEX. FAM.CODE ANN. § 109.002; TEX.R.APP. P. 26.1(b); TEX. R.APP. P. 26.3.

The appellant concedes that her motion for new trial could not function to extend the appellate timetable, but argues that her alternate motion to modify the judgment did extend the timetable because motions to modify judgment are not excluded by TEX.R.APP. P. 28.1. Rule 28.1, which concerns interlocutory orders is simply inapposite in a case where final judgment has been entered. The statute that does apply to this case, Family Code § 109.002, states that "the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue." TEX. FAM.CODE ANN. 109.002. We note that Section 109.002 does not expressly exclude all post-trial motions, as is the case for suits where the child is in the care of the Department of Protective and Regulatory Services. See TEX. FAM.CODE ANN. 263.405 (Vernon 2002). Nevertheless, Section 109.002 mandates the application of the accelerated appellate timetable of Rule 26.1(c) to all termination cases.

The Court finds appellant failed to timely perfect an appeal. The Court further finds that it lacks jurisdiction over this appeal. It is, therefore, ORDERED that this appeal be DISMISSED for want of jurisdiction.

APPEAL DISMISSED.