ACCEPTED
04-15-00342-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/2/2015 11:07:43 AM
KEITH HOTTLE
CLERK

**No. 04-15-00342-CV**

IN THE COURT OF APPEALS OF TEXAS
FOURTH DISTRICT
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

9/2/2015 11:07:43 AM

KEITH E. HOTTLE
Clerk

VILLA DIJON CONDOMINIUM ASSOCIATION, INC. AND
IMPLICITY MANAGEMENT COMPANY
(Appellants)

v.

MARY WINTERS AND MILA CHEATOM
(Appellees)

Appeal from 166th Judicial District of Bexar County, Texas
Trial Court No. 2015-CI-03926
(Hon. John D. Gabriel, Jr., Judge Presiding)

**APPELLEES' MOTION TO DISMISS
FOR WANT OF JURISDICTION**

Jacob S. Leibowitz
State Bar No. 24066930
LEIBOWITZ LAW FIRM PLLC
700 N St Mary's St, STE 1750
San Antonio, Texas 78205
T (210) 225-8787
F (210) 225-2567
jacob@leibowitzlaw.com

ATTORNEY FOR APPELLEES
MARY WINTERS AND MILA
CHEATOM

1

Appellees, **Mary Winters** and **Mila Cheatom**, move the Court to dismiss this appeal for want of jurisdiction pursuant to Tex. R. App. P. 42.3(a).

## **BACKGROUND**

1.    Appellees sued Appellants, **Villa Dijon Condominium Association, Inc.** and **Implicity Management Company**, for breach of contract and negligence on January 6, 2015 ("Original Cause").[1] (CR 1).[2]

2.    On behalf of Appellants, an insurance adjuster requested a one-month extension to file an answer. Appellees' counsel refused but granted a two-week extension, making the new deadline to answer March 3, 2015. (RR V5 263). Appellants did not file an answer or any other pleading constituting an answer by the new deadline.

3.    On March 9, 2015, the trial court signed a final default judgment in favor of Appellees. (CR 10).

4.    The trial court simultaneously severed all claims brought by Appellees against Appellants into a separate cause number ("Severed Cause"),[3] making the judgment final and appealable:

---

[1] Cause No. 2015-CI-00148: *Mary Winters, et.al. v. 738 Property, LLC, et.al.* in the 166th Judicial District Court, Bexar County, Texas.

[2] Record references will be as follows: the clerk's record will be referred to as "CR [page]"; and the reporter's record will be referred to as "RR V[volume] [page]".

**SEVERANCE**

The Court **ORDERS** that all claims against VILLA DIJON CONDOMINIUM ASSOCIATION, INC. and IMPLICITY MANAGEMENT COMPANY are severed from Cause No. 2015CI00148.

The Court **ORDERS** the court clerk (1) to assign the severed actions and parties the separate cause number of ___2015CI 03926___

(CR 14)

**THIS JUDGMENT FINALLY DISPOSES OF ALL CLAIMS AND ALL PARTIES IN CAUSE NO.___2015CI 03926___ AND IS APPEALABLE**

(CR 15)

**5.** Appellants filed and served a "Motion for New Trial" on April 6, 2015. (CR 38). The style of Appellants' motion lists the original and severed cause numbers. The docket sheet for the Original Cause shows that Appellants' motion was filed there. (CR 158). No motion for new trial was filed or ever has been filed in the Severed Cause. (CR 160).

**6.** The filing fee for the motion for new trial was paid in the Original Cause. (RR V5 275). No such filing fee has ever been paid in the Severed Cause. (RR V5 279).

---

[3] Cause No. 2015-CI-03926: *Mary Winters, et.al. v. Villa Dijon Condominium Association, Inc., et.al.* in the 166th Judicial District Court, Bexar County, Texas.

**7.** On April 10, 2015, Appellants' "Motion for New Trial" was heard by the Hon. Stephani Walsh of the 45th Judicial District Court, Bexar County, Texas. Judge Walsh conditionally and orally granted the motion. (RR V2 1).

**8.** Before an order was entered, Appellees filed "Plaintiffs' Motion for Rehearing and Motion to Deny Entry of Order Granting a New Trial." (CR 63). In their motion, they asked the court to vacate its ruling and decline to rule on Appellants' "Motion for New Trial" because it lacked jurisdiction. (*Id*.). The trial court heard argument on "Plaintiffs' Motion for Rehearing" on April 30, 2015 (RR V3 1) and May 1, 2015 (RR V4 1).

**9.** Judge Walsh took the motion under advisement, and on May 1, 2015, she vacated her earlier ruling and declined to rule on Appellants' "Motion for New Trial" for want of jurisdiction. (RR V4 17).

**10.** Appellants filed their notice of appeal on June 3, 2015. (CR 151).

## ARGUMENT & AUTHORITIES

**11.** The Court should dismiss this appeal for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a).

**12.** The Court does not have jurisdiction because Appellants did not file their notice of appeal until <u>56 days</u> after their deadline to perfect an appeal expired.

4

**13.** This is an appeal from a final judgment. In an appeal from a final judgment, the deadline to file the notice of appeal is 30 days after the judgment is signed, unless a movant files a motion for new trial. TEX. R. APP. P. 26.1. If a movant files a motion for new trial within 30 days of the signing of the judgment, the deadline to file a notice of appeal is extended to 90 days after the signing of the judgment. TEX. R. APP. P. 26.1(a).

**14.** In order to extend the appellate deadlines to 90 days, the motion for new trial must be filed in the same cause as the final judgment. *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985) (per curiam); *Levin v. Espinosa*, No. 03-14-00534-CV, 2015 WL 690368, *3 (Tex. App.— Austin Feb. 13, 2015, no pet.) (mem. op.); *Richie v. Ranchlander National Bank*, 724 S.W.2d 851 (Tex.App.—Austin 1987, no writ).

**15.** If the motion for new trial is not filed in the same cause as the final judgment, and the appellants fail to timely perfect their appeal, the court of appeals lacks jurisdiction to consider the appeal. *Richie,* 724 S.W.2d 851. When an appellant fails to timely perfect appeal or seek an extension of time to perfect appeal, the appellate court must dismiss the cause for lack of jurisdiction. *Stelzer v. Telserve Communications, Inc.*, No. 03-01-00699-

5

CV, 2002 WL 99638 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication).

16. Appellants can perfect their appeal if they timely file an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex. 2005). However, a motion for new trial is not such an instrument:

> Though there are myriad reasons why a party might file a motion for new trial, we fail to see how invoking the court of appeals' jurisdiction could reasonably be considered one of them. Indeed, because filing a motion for new trial *extends* the deadline to file a notice of appeal in most cases…a motion for new trial logically cannot also serve as a *substitute* for a notice of appeal. We conclude that **a motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction**.

*Id.* at 928 (emphasis added).

17. The facts of this case are similar to those confronting the Texas Supreme Court in *Philbrook v. Berry* and the 3rd Court of Appeals in *Levin v. Espinosa*.

18. In *Philbrook*, the plaintiff sued several parties. *Philbrook*, 683 S.W.2d at 379. When one defendant failed to file a timely answer, the plaintiff obtained a severance and final judgment against that defendant. *Id.* The defendant filed a motion for new trial in the original cause, not in

the severed cause in which the final judgment was entered. *Id.* The trial court granted the motion for new trial, and the plaintiff sought a writ of mandamus. *Id.* The court of appeals declined to issue the writ. *Id.* The Texas Supreme Court granted the writ. *Id.* at 378. The Court held that two conditions must be met **in order to extend a trial court's plenary power**: (1) the motion for new trial must be filed timely, and (2) **it "must be filed in the same cause as the judgment the motion assails."** *Id.* at 379 (emphasis added).

**19.** In *Levin*, the trial court granted Espinosa a partial summary judgment against Levin. *Levin*, No. 03-14-00534-CV, 2015 WL 690368 at *1. The trial court then signed an order severing Espinosa's claims against Levin into a new cause number and a final judgment against Levin in the severed cause number. *Id.* Thirty days later, Levin filed a motion for new trial in the original cause number. *Id.* Four days later, the trial court clerk's office rejected the motion because it was filed incorrectly in the original cause number. *Id.* That same day, Levin tried to correct the mistake by filing a new motion for new trial under the severed cause number. *Id.* Levin later filed a notice of appeal, assuming that the originally filed motion for new trial extended the time to file a notice of appeal from thirty to ninety

7

days. *Id.* Espinosa filed a motion to dismiss the appeal, arguing that the misfiled motion for new trial did not extend Levin's appellate deadlines. *Id.* The court in *Levin* **dismissed the appeal for want of jurisdiction**, holding that the misfiled motion for new trial neither extended the trial court's plenary power over the severed cause number, nor extended the deadline for filing an appeal from the judgment entered in the severed cause. *Id.* at *3.

20.  Just like in *Philbrook* and *Levin*, the Appellants here mistakenly filed a motion for new trial in the Original Cause, not in the Severed Cause in which the final judgment was entered. The trial court signed the order of severance and final judgment on March 9, 2015. Although Appellants filed a motion for new trial, they filed it in the Original Cause and not the Severed Cause. Therefore, the trial court's plenary power and the deadline to perfect an appeal expired thirty days later on April 8, 2015. Appellants filed their notice of appeal on June 3, 2015, **a full 56 days after their deadline to perfect an appeal expired**. Since Appellants did not timely perfect the appeal, this Court should dismiss the appeal for lack of jurisdiction.

## **PRAYER**

**21.** For these reasons, Appellees ask the Court to grant this motion and dismiss the appeal.

Respectfully submitted,

Jacob S. Leibowitz
State Bar No. 24066930
**LEIBOWITZ LAW FIRM PLLC**
700 N St Mary's St, STE 1750
San Antonio, Texas 78205
T (210) 225-8787
F (210) 225-2567
jacob@leibowitzlaw.com

ATTORNEY FOR APPELLEES
MARY WINTERS AND MILA
CHEATOM

## CERTIFICATE OF CONFERENCE

I certify that all counsel of record and the parties attended mediation on August 31, 2015 with Joseph Casseb and were unable to reach an agreement.

_____
Jacob S. Leibowitz

## CERTIFICATE OF SERVICE

I certify that on September 2, 2015, I served a copy of APPELLEES' MOTION TO DISMISS FOR WANT OF JURISDICTION on the parties listed below via email and by the Court's electronic service in accordance with the Texas Rules of Civil Procedure.

**VIA EMAIL &**
**VIA ELECTRONIC SERVICE**
Robert W. Loree
State Bar No. 12579200
**LOREE & LIPSCOMB**
777 E. Sontera Blvd., Suite 320
San Antonio, TX 78258
T (210) 404-1320
F (210) 404-1310
rob@lhllawfirm.com

ATTORNEY FOR DEFENDANTS
VILLA DIJON AND IMPLICITY
MANAGEMENT

_____
Jacob S. Leibowitz

## APPENDIX TO APPELLEES' MOTION TO DISMISS
## FOR WANT OF JURISDICTION

**Tab 1:** Texas Rule of Appellate Procedure 42.3

**Tab 2:** Texas Rule of Appellate Procedure 26.1

**Tab 3:** *Philbrook v. Berry*, 683 S.W.2d 378, 379 (Tex.1985) (per curiam)

**Tab 4:** *Levin v. Espinosa*, No. 03-14-00534-CV, 2015 WL 690368 (Tex. App.— Austin Feb. 13, 2015, no pet.) (mem. op.)

**Tab 5:** *Richie v. Ranchlander National Bank*, 724 S.W.2d 851 (Tex.App.—Austin 1987, no writ)

**Tab 6:** *Stelzer v. Telserve Communications, Inc.*, No. 03-01-00699-CV, 2002 WL 99638 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication)

**Tab 7:** *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005)

Vernon's Texas Rules Annotated
    Texas Rules of Appellate Procedure
        Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
            Rule 42. Dismissal (Refs & Annos)

TX Rules App.Proc., Rule 42.3

42.3. Involuntary Dismissal in Civil Cases

Currentness

Under the following circumstances, on any party's motion--or on its own initiative after giving ten days' notice to all parties--the appellate court may dismiss the appeal or affirm the appealed judgment or order. Dismissal or affirmance may occur if the appeal is subject to dismissal:

(a) for want of jurisdiction;

(b) for want of prosecution; or

(c) because the appellant has failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.

**Credits**
Eff. Sept. 1, 1997.

Notes of Decisions (27)

Rules App. Proc., Rule 42.3, TX R APP Rule 42.3
Current with amendments received through 6/1/2015

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

> Vernon's Texas Rules Annotated
> > Texas Rules of Appellate Procedure
> > > Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
> > > > Rule 26. Time to Perfect Appeal (Refs & Annos)

TX Rules App.Proc., Rule 26.1

26.1. Civil Cases

Currentness

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

**Credits**
Eff. Sept. 1, 1997.

Notes of Decisions (436)

Rules App. Proc., Rule 26.1, TX R APP Rule 26.1
Current with amendments received through 6/1/2015

WestlawNext' © 2015 Thomson Reuters. No claim to original U.S. Government Works.

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

**Superseded by Rule as Stated in** Few v. State, Tex.Crim.App., March 7, 2007

683 S.W.2d 378
Supreme Court of Texas.

Delvin Stanley PHILBROOK, et ux., Relators,

v.

The Honorable Weldon BERRY, Judge, Respondent.

No. C–3463. | Jan. 9, 1985.

Plaintiff in products liability action sought a writ of mandamus to compel trial judge to vacate order granting defendant a new trial. The Supreme Court held that trial judge's order granted new trial after default judgment had become final was improper.

Writ granted.

See also 679 S.W.2d 651.

West Headnotes (4)

[1]     **Judgment** 🔑 Authority of Court, Judge, or Judicial Officer

     **Judgment** 🔑 Authority of Court

Absent a timely motion for new trial, trial court retains plenary power over its judgment for a period of 30 days. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b(d).

6 Cases that cite this headnote

[2]     **Judgment** 🔑 Authority of Court, Judge, or Judicial Officer

     **Judgment** 🔑 Authority of Court

Trial court's plenary power over judgment may be extended for as long as 100 days by a timely filed motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b(a, c, e).

31 Cases that cite this headnote

[3]     **New Trial** 🔑 Filing Motion, Notice, and Affidavits

In addition to being filed timely, motion for new trial must be filed in same cause as judgment the motion assails.

10 Cases that cite this headnote

[4]     **New Trial** 🔑 Filing Motion, Notice, and Affidavits

     **New Trial** 🔑 Time for Hearing and Decision

Where defendant's motion for new trial was filed in original products liability action rather than in a severed cause, which involved only claim against defendant moving for new trial, motion for new trial was filed in wrong cause and did not operate to extend trial court's plenary power over judgment beyond 30 days prescribed by procedural rule; thus, trial judge's order granting new trial beyond 30 days when default judgment in severed cause had become final was improper. Vernon's Ann.Texas Rules Civ.Proc., Rule 329b(a, c-f).

35 Cases that cite this headnote

**Attorneys and Law Firms**

**\*378** George P. Hardy, III and Donna Cywinski, Ferebee & Ferebee, William C. Ferebee, Houston, for relators.

Baker & Botts, Richard Josephson, Houston, for respondent.

**Opinion**

PER CURIAM.

Relator, Delvin Stanley Philbrook, seeks a writ of mandamus to compel Judge Weldon Berry to vacate his order granting a new trial. Relator contends that Judge Berry lacked jurisdiction to grant a new trial because the motion upon which he purported to act was filed in another cause. On motion for rehearing, we withdraw our previous order overruling Relator's motion for leave to file petition for writ of mandamus and conditionally grant the writ.

**\*379** In the underlying action, Philbrook sued Owens-Illinois, Inc. and others seeking damages allegedly caused by his exposure to asbestos. After the time had passed for Owens-Illinois to answer, Philbrook moved to sever his claims against Owens-Illinois and obtained a default judgment in the severed cause. Nine days after Judge Berry signed the default judgment in the severed cause, Owens-Illinois filed its answer in the original cause. Thereafter, Owens-Illinois became aware of the default judgment and filed a motion for new trial. This motion, however, was filed in the original cause rather than the severed cause. Judge Berry nevertheless considered the motion as if filed in the severed cause and signed an order setting aside the default judgment. Judge Berry's order granting Owens-Illinois' motion for new trial was signed fifty-three days after the default judgment.

Philbrook sought relief in the court of appeals arguing that the default judgment signed in the severed cause became final thirty days after it was signed and that the motion for new trial filed in the original cause did not extend Judge Berry's plenary jurisdiction over the default judgment. The court of appeals declined to issue the writ. 679 S.W.2d 651 (Tex.App.—Houston [1st Dist.] 1984, no writ).

**[1]** **[2]** **[3]** We agree with Philbrook that the default judgment was already final when Judge Berry acted to set it aside. Absent a timely motion for new trial, a trial court retains plenary power over its judgment for a period of thirty days. TEX.R.CIV.P. 329b(d). A trial court's plenary power may be extended for as long as one hundred five days by a timely filed motion for new trial. TEX.R.CIV.P. 329b(a)(c) and (e). In addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails. *Buttery v. Betts,* 422 S.W.2d 149 (Tex.1967).

**[4]** Because the motion for new trial was filed in the wrong cause, it did not operate to extend the court's plenary power over its judgment beyond the thirty days prescribed by TEX.R.CIV.P. 329b(d). Judge Berry retained plenary power to vacate, set aside, modify or amend the default judgment for a period of thirty days after he signed it. *First Alief Bank v. White,* 682 S.W.2d 251 (Tex.1984); *Thursby v. Stovall,* 647 S.W.2d 953 (Tex.1983); *McCormack*

*v. Guillot,* 597 S.W.2d 345 (Tex.1980). Thereafter, he lacked the power to set his judgment aside except by bill of review. TEX.R.CIV.P. 329b(f).

Because Judge Berry's order, granting a new trial after the default judgment became final, is contrary to the above authority, we grant the writ of mandamus without hearing oral argument. TEX.R.CIV.P. 483. The writ will issue only if Judge Berry's successor, the Honorable William R. Powell, fails to vacate the order.

**All Citations**

683 S.W.2d 378

---

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 690368
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINION
Court of Appeals of Texas,
Austin.

Dan Levin, Appellant

v.

Eduardo S. Espinosa, in his Capacity as Receiver of Retirement Value, LLC, Appellee

NO. 03–14–00534–CV    |    Filed: February 13, 2015

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT, NO. D–1–GN–14–001587, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

**Attorneys and Law Firms**

John R. McConnell, John W. Thomas, George & Brothers, L.L.P., Austin, TX, for appellee.

Leslye Moseley, David R. Clouston, Christopher R. Richie, Sessions, Fishman, Nathan & Israel, LLC, Dallas, TX, for appellant.

Before Justices Puryear, Pemberton, and Field

*MEMORANDUM OPINION*

David Puryear, Justice

 **\*1**  On December 10, 2013, the trial court signed an order granting appellee Eduardo S. Espinosa's motion for partial summary judgment against appellant Dan Levin and others in trial court cause number D–1–GV–10–000454. On May 28, 2014, the court signed (1) an order severing Espinosa's claims against Levin into new cause number D–1–GN–14–001587 and (2) a final judgment against Levin in the severed cause number. Thirty days later, on June 27, Levin electronically filed a motion for new trial in the original cause number. On July 1, the trial court clerk's office rejected the motion because it was not filed in the correct cause number, and that same date, Levin filed a new motion for new trial under the new cause number. On August 26, Levin filed a notice of appeal, relying on the June 27 motion for new trial to extend the time to file the notice of appeal from thirty to ninety days. *See* Tex.R.App. P. 26.1(a). Espinosa has filed a motion to dismiss the appeal, arguing that the misfiled motion for new trial did not extend Levin's appellate deadlines. The only question to be answered is whether the June 27 motion for new trial, filed in the wrong cause number, acted to extend the time to file a notice of appeal in the new, severed cause. We hold that it did not and dismiss the appeal for want of jurisdiction.

A notice of appeal must be filed within thirty days of the trial court's judgment unless a party timely files a motion for new trial, in which case the deadline is extended to ninety days. [1] *Id*. If a notice of appeal is not timely filed, we may not exercise jurisdiction over the attempted appeal. *See Texas Emp'rs Ins. Ass'n v. Martin,* 347 S.W.2d 916, 917 (Tex.1961) (because appeal was not perfected within thirty days of judgment, court of appeals "did not acquire jurisdiction"); *Plaza Motors, Inc. v. Bergstrom,* No. 03–08–00295–CV, slip op. at 2 (Tex.App.–Austin

Aug. 7, 2008, no pet.) (mem. op.) (because notice of appeal was late, court was "without jurisdiction to consider the appeal").

In *Philbrook v. Berry,* the supreme court was presented with facts similar to those in this case: Philbrook sued several parties and, when one defendant failed to file a timely answer, obtained a severance of his claims against that defendant and a default judgment in the severed cause. 683 S.W.2d 378, 379 (Tex.1985). The defendant filed a motion for new trial in the original cause number, which the trial court granted, and the supreme court held that the trial court lost plenary power to grant the motion for new trial because the motion was filed in the wrong cause number. *Id.* In making this decision, the court said that to extend a trial court's plenary power, "[i]n addition to being filed timely, the motion for new trial must be filed in the same cause as the judgment the motion assails." *Id.*

 **\*2**  Despite that explicit statement of the law and the clarity of the appellate rules governing when and how an appeal must be perfected, several decisions issued between 1992 and 1994 have muddied the waters in this area, starting with *Mueller v. Saravia,* 826 S.W.2d 608 (Tex.1992). In that case, the trial court rendered a take-nothing judgment against Mueller and then severed her claims against Saravia into a new cause number. *Id.* at 609. Mueller filed a timely motion for new trial in the original cause number seeking new trial in both causes and successfully sought re-consolidation of the causes. *Id.* The supreme court held that, despite being filed in the original cause number, the motion for new trial extended Mueller's appellate deadline in the severed cause because *Philbrook* required only that the motion for new trial be filed in the same cause as the judgment being assailed. *Id.* The court also noted that the severed cause number was nowhere to be found in the clerk's record and that the parties and the trial court had proceeded as if the severance had not happened, concluding that Mueller should not be punished for failing to comply with a severance order ignored by both parties and the trial court. *Id.*

In *City of San Antonio v. Rodriguez,* the supreme court held that a timely notice of appeal filed under an erroneous cause number was sufficient to invoke appellate jurisdiction. 828 S.W.2d 417, 418 (Tex.1992). In that case, the style of the case did not match the style of the incorrect cause number, and the court distinguished the facts from *Philbrook,* in which the styles associated with both cause numbers were identical. *Id.* The court stated that there was no confusion as to what the City intended to appeal and that the notice of appeal was a " 'bona fide attempt to invoke appellate court jurisdiction' " because it complied with the appellate rules in all respects other than the erroneous cause number. *Id.*(quoting *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991)).

In *McRoberts v. Ryals,* the trial court signed a judgment that included a severance order, but the trial court clerk did not assign a new cause number to the severed action until two months later, and in the meantime, McRoberts filed a motion for new trial in the original cause number. 863 S.W.2d 450, 451 (Tex.1993). About two weeks after the new number was assigned, McRoberts perfected his appeal under the original cause number. *Id.* The supreme court observed that because McRoberts could not be expected to file his motion for new trial under a nonexistent cause number, his motion operated to extend his time to appeal. *Id.* at 454–55. It further held that McRoberts's attempt to appeal, filed in the original cause, was proper because the judgment he sought to appeal was under the original cause number, noting that notice of the new cause number was not provided to the parties when it was finally assigned. *Id.*

Finally, in *Blankenship v. Robins,* the trial court rendered summary judgment against Blankenship and ordered that all remaining claims should be severed into a new cause number. 878 S.W.2d 138, 138 (Tex.1994). However, the trial court clerk instead assigned a new cause number to the summary judgment, leaving the remaining claims in the original cause. *Id.* The trial court and parties then proceeded in accordance with the clerk's actions, with Blankenship filing a timely motion for new trial and appeal bond in the severed cause. *Id.* The supreme court held that Blankenship should not be punished for not complying with a severance order that was also ignored by

Robins and the trial court and that Blankenship's filings in conformity with the clerk's actions were a bona fide attempt to invoke appellate jurisdiction. *Id.* at 139.

Although some of those four cases include language along the lines of "[a]ssuming that *Philbrook* was correctly decided," the supreme court has not expressly invalidated the law as set out in *Philbrook*. Instead, it has distinguished *Philbrook*, leaving it as valid law at the same time as casting doubt as to its viability. This has led to confusion in the courts of appeals. *See, e.g., Leal v. City of Rosenberg,* 17 S.W.3d 385, 386 (Tex.App.–Amarillo 2000, order) (holding that timely motion for new trial filed under original cause number extended time to file notice of appeal in severed cause and stating, "While *Philbrook* does support the City's contention [that the motion did not extend appellate deadline], the Texas Supreme Court has all but expressly overruled the decision." (citing *Blankenship,* 878 S.W.2d at 138–39; *Rodriguez,* 828 S.W.2d at 418; *Mueller,* 826 S.W.2d at 609)); *Garza v. CMH Homes, Inc.,* No. 04–01–00845–CV, 2002 WL 31465810, at \*2 & n.1 (Tex.App.–San Antonio Nov. 6, 2002, no pet.) (not designated for publication) (relying on *Philbrook* for proposition that motion for new trial filed in original cause number does not extend trial court's plenary power in severed cause).

**\*3** This issue has been further confused by language that seems to equate a motion for new trial with a notice of appeal, stating that a motion for new trial can be considered a "bona fide attempt to invoke appellate jurisdiction." *See Mueller,* 826 S.W.2d at 609 ("Mueller's motion for new trial, filed under the original cause number rather than the severed cause number, is sufficient to invoke appellate jurisdiction"); *Jones v. Tummel,* No. 13–13–00668–CV, 2014 WL 2937011, at \*2 (Tex.App.–Corpus Christi June 26, 2014, no pet.) (mem. op.) ("the motions for new trial [filed under original cause number] were bona fide attempts to invoke appellate jurisdiction"); *Leal,* 17 S.W.3d at 386 ("courts now hold that filing a timely motion for new trial under the wrong cause number or in the wrong case evinces a bona fide attempt to invoke appellate jurisdiction"); *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex.App.–San Antonio 1997, no writ) (considering whether "motion for new trial failed to invoke appellate court's jurisdiction" and holding that motion filed in original cause extended appellate deadline). However, the supreme court has clarified that a motion for new trial "is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction." *In re K.A.F.,* 160 S.W.3d 923, 928 (Tex.2005); *see also In re J.M.,* 396 S.W.3d 528, 530–31(Tex.2013) (motion for new trial that does not address appellate court does not qualify as a substitute for a notice of appeal, but combined motion for new trial and notice of appeal may).

Although we are to construe the rules liberally to preserve the right to appeal, *see Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997), we must also impose them reasonably and with consistency. The rules clearly state the deadlines for filing a notice of appeal, *see* Tex.R.App. P. 26.1, and the supreme court has explicitly stated that a motion for new trial is not a bona fide attempt to invoke appellate jurisdiction, *see K.A.F.,* 160 S.W.3d at 928. Furthermore, this is not a case in which the parties and trial court proceeded as if the severance had not happened. *See Blankenship,* 878 S.W.2d at 138; *McRoberts,* 863 S.W.2d at 451; *Mueller,* 826 S.W.2d at 609. Instead, very shortly after Levin filed his first motion for new trial, the trial court clerk's office notified him that it had been misfiled, and he responded by refiling it under the correct, severed cause number. At that time, Levin was still within the fifteen day window for obtaining an extension of time to file his notice of appeal. *See* Tex.R.App. P. 26.3. However, rather than filing his notice of appeal at that time, he waited until the ninetieth day to attempt to perfect his appeal.

We hold that the misfiled motion for new trial, which did not operate to extend the trial court's plenary power over the severed cause number, *see Garza,* 2002 WL 31465810, at \*2 & n.1, likewise did not extend the deadline for filing an appeal from the judgment entered in the severed cause. We therefore dismiss the appeal for want of jurisdiction.

Justice Field joining majority and concurring with opinion

Justice Pemberton joining majority and concurrence

Scott K. Field, Justice, Concurring.

The Court's opinion is consistent with the principle that intermediate courts of appeals are bound to follow the opinions of the supreme court in civil cases and that only the supreme court can overrule its own decisions. *Lubbock Cnty. v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex.2002). Although the supreme court has openly called its *Philbrook* [1] opinion into question in later cases, *see, e.g., Blankenship v. Robins,* 878 S.W.2d 138, 138 (Tex.1994); *McRoberts v. Ryals,* 863 S.W.2d 450, 451 (Tex.1993); *City of San Antonio v. Rodriguez,* 828 S.W.2d 417, 418 (Tex.1992); *Mueller v. Saravia,* 826 S.W.2d 608, 609 (Tex.1992), it has never expressly overruled it. And, because *Philbrook* applies directly to the facts before this Court, we are bound to, and will, follow it.

The fact remains, however, that courts of appeals in Texas have demonstrated confusion about the continued viability of *Philbrook* and what constitutes a "bona fide attempt to invoke appellate jurisdiction." *See, e.g., P & A Real Estate, Inc., v. American Bank of Tex.,* 323 S.W.3d 618, 619 (Tex. App.–Dallas 2010, no pet.); *Paselk v. Rabun,* 293 S.W.3d 600, 607 (Tex.App.–Texarkana 2009, pet. denied); *Hernandez v. Koch Mach. Co.,* 16 S.W.3d 48, 56 (Tex.App.–Houston [1st Dist.] 2000, pet. denied); *Matlock v. McCormick,* 948 S.W.2d 308, 310 (Tex.App.–San Antonio 1997, no writ); *Hall v. Stephenson,* 919 S.W.2d 454, 463–64 (Tex.App.–Fort Worth 1996, writ denied). Indeed, in a per curiam order issued within the last six months, this Court concluded that filing a motion for new trial in the wrong cause number was a bona fide attempt to invoke appellate jurisdiction, the exact opposite of what the Court has held in the present case. *Blizzard v. Select Portfolio Servicing,* No. 03–13–00716–CV, 2014 WL 2094324, at *1 (Tex.App.–Austin May 13, 2014, order) (citing *Blankenship,* 878 S.W.2d at 139).

**\*4** Given the supreme court's trend toward putting substance over procedure when reviewing attempts to invoke appellate jurisdiction, some courts of appeals believe that the supreme court has effectively overruled *Philbrook,* *see, e.g., Leal v. City of Rosenberg,* 17 S.W.3d 385, 386 (Tex.App.–Amarillo 2000, no pet.) (noting that "the Texas Supreme Court has all but expressly overruled the [*Philbrook* ] decision"). [2] Nevertheless, as the majority points out, the supreme court recently clarified that a motion for new trial may not be considered a "bona fide attempt to invoke the appellate court's jurisdiction." *In re K.A.F.,* 160 S.W.3d 923, 928 (Tex.2005). This conclusion is consistent with *Philbrook*. As a result, *Philbrook* appears to govern most, if not all, cases concerning extension of the notice-of-appeal deadline when a motion for new trial is filed using an incorrect cause number.

Although application of *Philbrook* seems directly contrary to the preference for "substance over procedure," which I believe should apply here, until the supreme court expressly overrules *Philbrook,* we are bound to follow it. Because the Court does so here, I concur in the Court's opinion and judgment, but I write separately to ask the supreme court to clarify its position on the ongoing viability of *Philbrook* so that courts of appeals can act uniformly when reviewing mistaken but apparent attempts by would-be appellants to extend appellate timetables or to otherwise invoke appellate jurisdiction.

Justice Pemberton joins

**All Citations**

Not Reported in S.W.3d, 2015 WL 690368

Footnotes

1 Rule 26.3 provides for a fifteen-day extension of time provided that the appellant files a motion for extension of time complying with rule 10.5(b), *see* Tex.R.App. P. 26.3; *see also* Tex.R.App. P. 10.5(b), and a civil appeal filed within that fifteen-day window carries with it an implied motion for extension of time. *See Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

1 *Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985).

2 This trend has some of its earliest beginnings in a post-*Philbrook* case from the supreme court. *Texas Instruments, Inc. v. Teletron Energy Mgmt., Inc.,* 877 S.W.2d 276, 278 (Tex.1994) (explaining that since *Philbrook,* the supreme court had "questioned whether *Philbrook* was correctly decided" and had "reiterated that 'decisions of the courts of appeals [should] turn on substance rather than procedural technicality' " and citing *City of San Antonio v. Rodriguez,* 828 S.W.2d 417 (Tex.1992)). This trend is also present in criminal appeals. *See Few v. State,* 230 S.W.3d 184, 188–90 (Tex.Crim.App.2007) (questioning *Philbrook's* viability and noting that "[a] person's right to appeal a civil or criminal judgment should not depend upon tracking through a trail of technicalities" in concluding that notice of appeal filed in wrong cause number did not require dismissal of appeal).

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

724 S.W.2d 851
Court of Appeals of Texas,
Austin.

Vester RICHIE, et ux., Appellants,

v.

RANCHLANDER NATIONAL BANK, et al., Appellees.

No. 14575. | Dec. 3, 1986. | Rehearing Denied March 11, 1987.

Action was filed alleging, in connection with certain banking transactions, common-law fraud, fraudulent conversion, breach of fiduciary duty, negligence, and violations of Texas Deceptive Trade Practices—Consumer Protection Act and Texas Usury Statute. Defendants filed joint motion for summary judgment. The 198th Judicial District Court, McCulloch County, Myrlin O. Johnson, P.J., signed an order granting partial summary judgment in favor of defendants, and then signed order severing from original cause all matters relating to summary judgment. Plaintiff subsequently filed motion to vacate judgment and for new trial in original cause. Trial court purportedly granted that motion, but then purportedly again granted motion for partial summary judgment. Plaintiffs appealed. The Court of Appeals, Gammage, J., held that motion for new trial filed in original cause failed to extend court's jurisdiction over judgment rendered in severed cause.

Appeal dismissed.

West Headnotes (5)

**[1]**    **Action**   Severance of Actions

Court's order stating that court would rehear defendant's motion for partial summary judgment and "other matters raised or pending" before Court did not nullify order of severance and effect, by implication, "reconsolidation" of severed cause with original cause. Vernon's Ann.Texas Rules Civ.Proc., Rules 41, 174(a).

4 Cases that cite this headnote

**[2]**    **New Trial**   Requisites of Motion in General

Motion for new trial must be filed in severed cause, in order to apply to severed cause, regardless of when severance was granted, including before or after filing of judgment.

4 Cases that cite this headnote

**[3]**    **Appeal and Error**   Determination of Part of Controversy

Severance of partial summary judgment from original cause created final appealable judgment.

Cases that cite this headnote

**[4]**    **Appeal and Error**   Motion for New Trial

Motion for new trial filed in original cause failed to extend court's jurisdiction over judgment rendered in severed cause.

8 Cases that cite this headnote

**[5]**    **Appeal and Error**  Necessity for Timely Filing

Court lacked jurisdiction to entertain appeal, absent filing of cost bond or its equivalent within 30–day limit from date judgment was signed. Rules App.Proc., Rule 41(a).

12 Cases that cite this headnote

**Attorneys and Law Firms**

 **\*852**  J. Eric Toher, Wright & Patton, Houston, for appellants.

Ernest Reynolds, III, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for Federal Deposit Ins. Corp. (receiver for Ranchlander Nat. Bank).

Richard W. Davis, Davis, Wardlaw, Hay & Whittenburg, San Angelo, for Doyle J. Todd, George D. Jenkins, Lester S. Murray, Howard Loveless, V. Murray Jordan, Alan Ledbetter, M.D. Rice, Leo Oates, Larry Smith, Phill Lorfing, and Marguerite Threadgill, Independent Executrix of the Estate of John Threadgill.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

**Opinion**

GAMMAGE, Justice.

Vester W. and Maurice Richie, husband and wife, appeal from the district court's judgment which provides in part that the district court lacked jurisdiction to set aside its prior order granting partial summary judgment in favor of appellees. We agree with the district court and will dismiss this appeal for want of jurisdiction.

Appellants filed suit on April 1, 1976 against Ranchlander National Bank and Doyle J. Todd ["defendants"] alleging, in connection with certain banking transactions, common law fraud, fraudulent conversion, breach of fiduciary duty, negligence, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act and the Texas Usury Statute.

On January 31, 1985, defendants filed a joint motion for summary judgment. The Richies filed no response. After a hearing on February 4, 1985, the trial court signed an order granting partial summary judgment in favor of defendants. The court then signed an order severing from cause number 8215 all matters relating to the summary judgment, assigning these matters to cause number 8215A–B.

After severance, no further pleadings or documents were filed in the severed cause, number 8215A–B. The Richies subsequently  **\*853**  filed a "Motion to Vacate Judgment and for New Trial" in cause number 8215. The trial court purported to grant that motion and on April 30, 1985, issued an order reciting that the court would rehear defendants' motion for partial summary judgment and "other matters raised or pending before this Court on February 4, 1985" in a hearing to be conducted June 28, 1985.

Defendants did not submit a new motion for partial summary judgment prior to the scheduled June 28th hearing. The Richies filed, again in the original cause, number 8215, a response to defendants' prior motion for summary judgment. Defendants filed a reply to the Richies' response in cause number 8215.

At the hearing on June 28, 1985, the district court orally purported to again grant defendants' motion for partial summary judgment with an order to be submitted. On August 19, 1985, the district court signed an order in cause number 8215 which, after a lengthy recitation of the procedural history of the case, stated:

> IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that it is without jurisdiction in this cause to hear or proceed upon any matter heretofore raised in Defendant's Motion for Summary Judgment and without jurisdiction to have entered the Order in Cause No. 8215 dated April 30, 1985, which purported to set aside the February 4, 1985, Order Granting Defendants' Motion for Partial Summary Judgment; and

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Order Granting Defendants' Motion for Partial Summary Judgment dated February 4, 1985, pending in Severed Cause No. 8215A–B by virtue of Order of Severance signed February 4, 1985, has become, and is now, final and this Court is without jurisdiction to make or enter any Order in Severed Cause No. 8215A–B in relation thereto; and

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that in the event it does have jurisdiction in this cause (No. 8215) to make a ruling or determination in relation to Defendants' Motion for Partial Summary Judgment, and that such Motion somehow remains viable in this cause, then and in that event the Court grants Defendants' Motion for Partial Summary Judgment and decrees that any and all claims made herein by Plaintiffs, or either of them, seeking affirmative relief of any type, or any affirmative recovery, in their most recent amended pleading, of, from, or against Defendants, or any of them, be, and such are denied and refused, and it is further decreed that as to such, Plaintiffs shall have and take nothing of, from or against the Defendants, or any of them....

The Richies claim that the trial court erred in finding that their motion to vacate judgment and for new trial (filed March 5, 1985, within thirty days of the first order granting defendants' motion for partial summary judgment), failed to extend the district court's jurisdiction over the subsequent summary judgment proceedings. Appellants argue, in essence, that the court's April 30th order, stating that the court would rehear defendants' motion for partial summary judgment and "other matters raised or pending before this Court on February 4, 1985," nullified the order of severance and effected by implication a "reconsolidation" of the severed cause with the original cause. We disagree.

 **[1]**    Texas R.Civ.P.Ann. 41 (1979) provides for consolidation of actions "by order of the court." Tex.R.Civ.P.Ann. 174(a) (1979) provides:

> When actions involving a common question of law or fact are pending before the court, ...
> it *may order* all the actions consolidated.... (emphasis added)

The trial court here did not expressly order that the two causes be consolidated, and appellants have cited no authority for the proposition that such an order may be made by implication. Appellants cite only *Gilbert v. Lobley,* 214 S.W.2d 646 (Tex.Civ.App.1948, no writ) and *Harkness v. McQueen,* 207 S.W.2d 676 (Tex.Civ.App.1947, no writ), neither of which lends direct  **\*854**  support to their argument of consolidation by implication.

Appellants construe the broad language in the trial court's order of April 30th to mean the court intended to reconsolidate the two cases. We note that the issue of consolidation was not then before the trial court, appellants having neither complained of the severance nor requested that the causes be reconsolidated. The trial court's subsequent order, stating that it lacked jurisdiction to issue the April 30th order, further indicates that it did not intend the April 30th order to effect a reconsolidation. We find that the two causes remained severed.

Since we hold that the two causes remained severed, we must determine the effect of filing the motion for new trial in the original rather than in the severed cause. Appellants cite *Gilbert v. Lobley, supra,* for the proposition that "the substance of [a] motion for new trial and not the endorsement or docket style thereof must determine its nature," 214 S.W.2d at 648, arguing that the mere misdesignation of the docket number on their motion to vacate judgment is irrelevant and had no bearing on the trial court's jurisdiction. In *Gilbert,* however, all pleadings and motions were filed under the proper docket number. The problem confronted by the court in that case, involving multiple plaintiffs and defendants, was that the motion for new trial was improperly styled "Joe Gilbert et al. v. J.E. Lobley et al." instead of "Grady Chupp et al. v. F.I. Bellows et al." All were parties to the dispute, but the movant placed the wrong names atop the motion for new trial.

We find *Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985) to be more directly on point than either *Gilbert* or *Harkness, supra,* when applied to the circumstances of this case. In *Philbrook,* the plaintiff severed his claim against one defendant and obtained a default judgment in the severed cause. That defendant then filed a motion for new trial in the original cause, rather than in the severed cause, and the judge entered an order in the original cause setting aside the default judgment. The Supreme Court reversed the judgment stating that the defendant's motion for new trial did not operate to extend the court's plenary power over its judgment beyond thirty days because it was filed in the wrong cause.

 **[2]**    We decline to follow the construction placed on *Philbrook* by the San Antonio Court of Appeals in *Southland Paint v. Thousand Oaks Racket Club,* 687 S.W.2d 455 (Tex.App.1985, no writ). In *Southland Paint* a motion for new trial again was improperly filed in the original cause and not in the severed cause. The court of appeals held that *Philbrook* did not apply because the severance was obtained *after* the judgment was signed and not before. The court based this distinction on the statement in *Philbrook* that "the motion for new trial must be filed *in the same cause as the judgment* the motion assails" (emphasis added), thereby construing "the same cause" to mean the cause where the judgment was originally filed. We disagree with this construction. Once a judgment is severed, it is transferred to and becomes part of a different cause. Under *Philbrook,* the motion for new trial must be filed in the severed cause, regardless of when the severance was granted, because that is the cause wherein the judgment is filed.

 **[3]**    **[4]**    **[5]**    On the record before us, the two orders appear to have been executed at virtually the same time. There is no indication that appellants were unaware of or objected to the severance. The severance of defendants' partial summary judgment from the original cause created a final appealable judgment. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959). Because appellants' motion for new trial was filed in the original cause, it failed to extend the district court's jurisdiction over the judgment rendered in the severed cause. Appellants had thirty days from the date the judgment was signed, February 4, 1985, to perfect an appeal. Tex.R.App.P. 41(a) (West 1986). Having failed to file a cost bond or its equivalent within the thirty-day limit, their perfection is untimely and we have no jurisdiction to entertain  **\*855**  this appeal. *Davies v. Massey,* 561 S.W.2d 799 (Tex.1978). Because we must dismiss this appeal, we do not address appellants' remaining points of error. The appeal is dismissed.

**All Citations**

724 S.W.2d 851

**End of Document**    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2002 WL 99638
Only the Westlaw citation is currently available.

NOTICE: NOT DESIGNATED FOR PUBLICATION. UNDER TX R RAP RULE
47.7, UNPUBLISHED OPINIONS HAVE NO PRECEDENTIAL VALUE BUT
MAY BE CITED WITH THE NOTATION "(not designated for publication)."

Court of Appeals of Texas,
Austin.

Don STELZER, Appellant,

v.

TELSERVE COMMUNICATION, INC.; Jerry D. Gibson; and Jim Williams, Jr., Appellees.

No. 03-01-00699-CV. | Jan. 25, 2002.

The 22nd Judicial District Court, Comal County, Jack H. Robison, J., signed order dismissing plaintiff's action for want of prosecution and denied plaintiff's motions to reinstate. Plaintiff filed motion to extend time to file notice of appeal. The Court of Appeals, Smith, J., held that: (1) trial court lacked jurisdiction to reinstate action; (2) plaintiff's motion to extend time to file notice of appeal was untimely; and (3) appellate court lacked jurisdiction to consider appeal.

Appeal dismissed.

West Headnotes (3)

**[1]**　　**Appeal and Error**　🔑　Time for Filing

　　　　**Pretrial Procedure**　🔑　Time for Vacation

Trial court lacked jurisdiction to consider motion to reinstate action dismissed for want of prosecution, and thus, motion did not extend time for filing notice of appeal, where appellant filed unverified motion to reinstate within 30 days of trial court's dismissal, but did not file his verified motion for leave to supplement his motion to reinstate until 45 days after dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3).

1 Cases that cite this headnote

**[2]**　　**Appeal and Error**　🔑　Time for Filing

Appellant's motion to extend time to file notice of appeal was untimely, on grounds that Postal Service postmark on envelope indicated that appellant mailed his motion one day after deadline, despite fact that postage meter mark on envelope indicated that motion was timely stamped within deadline. Rules App.Proc., Rule 26.3.

1 Cases that cite this headnote

**[3]**　　**Appeal and Error**　🔑　Time for Filing

Appellate court lacked jurisdiction to consider appeal in which appellant failed to timely seek an extension of time to file notice of appeal. Rules App.Proc., Rules 26.1, 42.3(a).

3 Cases that cite this headnote

From the District Court of Comal County, 22nd Judicial District, No. C96-0867A; Jack H. Robison, Judge Presiding.

Before Chief Justice ABOUSSIE, Justices B.A. SMITH and PURYEAR.

**Opinion**

BEA ANN SMITH, Justice.

**\*1** Because appellant Don Stelzer failed to timely file a perfecting instrument, we will dismiss the appeal for want of jurisdiction on our own motion. *See* Tex.R.App. P. 26.1, 42.3(a).

The trial court signed an order dismissing this cause for want of prosecution on August 29, 2001. Consequently, appellant's notice of appeal was due September 28, 2001, thirty days after the order was signed, absent a timely filed motion extending the appellate deadlines. *See* Tex.R.App. P. 26.1(a).

On December 14, 2001, the Clerk of this Court filed appellant's motion to extend time to file notice of appeal. In his motion, appellant indicates that a motion to reinstate or in the alternative for new trial was filed with the trial court. Thus, according to appellant, a notice of appeal was due November 27, 2001, ninety days after the trial court signed its order of dismissal, *see* Tex.R.App. P. 26.1(a)(3), and a motion to extend time to file a notice of appeal was due December 12, 2001, fifteen days later. *See* Tex.R.App. P. 26.3 (appellate court may extend time to file notice of appeal if motion requesting extension of time is filed within fifteen days after deadline for filing notice of appeal).

**[1]** On January 7, 2002, the Clerk of this Court filed appellees' verified response to appellant's motion to extend time to file notice of appeal. In their response, appellees allege that although appellant filed a motion to reinstate or in the alternative for new trial with the trial court on September 28, 2001, thirty days after the trial court signed the dismissal order, the motion was unverified. *See* Tex.R. Civ. P. 165a(3); *McConnell v. May,* 800 S.W.2d 194, 194 (Tex.1990) (motion to reinstate must be verified); *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986) (unverified motion does not extend time for perfecting appeal); *see also City of McAllen v. Ramirez,* 875 S.W.2d 702, 704-05 (Tex.App.-Corpus Christi 1994, orig. proceeding) (holding that unverified motion for new trial is not viable substitute for verified motion to reinstate). On October 12, forty-four days after the trial court signed its dismissal order, appellant filed an amended motion to reinstate or in the alternative for new trial, which was verified. However, this amended motion was filed after the trial court had lost its plenary jurisdiction to consider the motion. *Owen v. Hodge,* 874 S.W.2d 301, 303 (Tex.App.-Houston [1st Dist.] 1994, no writ) (supplementation of unverified motion to reinstate after thirty-day deadline has lapsed will not extend trial court's jurisdiction). Appellees attached copies to their verified response of the trial court's dismissal order and the two motions to reinstate. To date, appellant has not refuted appellees' assertions, challenged the authenticity of the copies of the documents provided by appellees, or provided this Court with any controverting evidence demonstrating that a verified motion to reinstate was timely filed with the trial court, thus extending the deadline to file a notice of appeal. Considering the assertions in appellees' verified response and the attached exhibits, this Court concludes that appellant failed to timely file with the trial court the proper instrument necessary to extend the deadline for filing a notice of appeal. *See* Tex. Gov't Code Ann. § 22.220(c) (West 1988) (court may ascertain

matters of fact necessary to proper exercise of its jurisdiction); *Flores v. Citizens State Bank of Roma* 954 S.W.2d 78, 79 (Tex.App.-San Antonio 1997, no writ) (relying on verified motion to dismiss along with attached certified copies to ascertain jurisdiction over appeal).

**\*2** **[2]**    Even assuming that a verified motion was timely filed with the trial court and the deadline to file a notice of appeal was November 27, 2001, appellant has failed to demonstrate to this Court that he has complied with this deadline. Rule 26.3 of the rules of appellate procedure allows an appellant to request an extension of time to file a notice of appeal if the motion is filed within fifteen days after the deadline for filing the notice of appeal. Tex.R.App. P. 26.3. In order to comply with this rule, appellant's motion for extension of time must have been filed by December 12, 2001. Attached to appellant's motion to extend time is a copy of a postmarked envelope. It appears from the copy that the envelope was stamped by a postage meter on December 12. To the left of the stamp is a postmark, which reflects that the envelope was mailed on December 13, 2001. According to this official postmark, appellant mailed his motion to extend time to file notice of appeal one day after the December 12 deadline. *See Albaugh v. State Bank of La Vernia,* 586 S.W.2d 137, 137-38 (Tex.App.-San Antonio 1979, no writ) (holding that "metered stamp merely shows the date which appeared on the meter at the time the envelope was stamped, rather than the actual date"). Thus, even if appellant had properly extended the appellate timetable, he failed to comply with the extended deadline.

**[3]**    The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison,* 934 S.W.2d 767, 770 (Tex .App.-Houston [1st Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction. *Id.*

Because appellant's notice of appeal was not timely filed, this Court is without jurisdiction over the appeal. Accordingly, we dismiss this appeal, as well as appellant's motion to extend time to file notice of appeal, for want of jurisdiction on our own motion. *See* Tex.R.App. P. 42.3(a).

**All Citations**

Not Reported in S.W.3d, 2002 WL 99638

---

    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Yellow Flag - Negative Treatment

**Holding Limited by**   G.T. Leach Builders, LLC v. Sapphire V.P., LP,   Tex.,   March 20, 2015

160 S.W.3d 923
Supreme Court of Texas.

In the Interest of K.A.F., a child.

No. 04–0493.   |   Argued Feb. 16, 2005.   |   Decided
April 8, 2005.   |   Rehearing Denied May 13, 2005.

**Synopsis**
**Background:** Father petitioned for involuntary termination of mother's parental rights. The 279th District Court, Jefferson County, Tom Mulvaney, J., granted petition. Following denial of her motion for new trial or to modify judgment, mother appealed. The Beaumont Court of Appeals dismissed appeal for want of jurisdiction, and mother petitioned for review.

**Holdings:** The Supreme Court, O'Neill, J., granted petition and held that:

[1] mother's timely filed motion to modify judgment did not extend deadline for filing notice of appeal;

[2] mother's motion for new trial did not amount to bona fide attempt to invoke jurisdiction of appellate court; and

[3] mother waived its consideration of her constitutional claims.

Affirmed.

West Headnotes (6)

**[1]**   **Infants**   Writ of error, citation, or notice of appeal

Mother's timely filed motion to modify judgment terminating her parental rights did not extend deadline for filing notice of appeal to 90 days, from accelerated 20-day deadline generally applicable in proceedings involving the parent-child relationship; applicable procedural rule was unambiguous and contained no express or implied exceptions to 20-day deadline established by most recent amendments thereto. Rules App.Proc., Rule 26.1(b).

75 Cases that cite this headnote

**[2]**   **Appeal and Error**   Time for filing

In an accelerated appeal, absent a motion for extension of time, the deadline for filing a notice of appeal is strictly set at 20 days after the judgment is signed, with no exceptions, and filing a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law does not extend that deadline. Rules App.Proc., Rules 26.1(a), 26.3.

80 Cases that cite this headnote

**[3]** **Infants** 🔑 Perfection; Notice and Effect of Appeal

Motion for new trial did not amount to bona fide attempt to invoke jurisdiction of appellate court, and was insufficient in itself to timely perfect mother's appeal from judgment terminating her parental rights.

25 Cases that cite this headnote

**[4]** **Appeal and Error** 🔑 Nature and method of notice in general

Court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction.

34 Cases that cite this headnote

**[5]** **Appeal and Error** 🔑 Nature and method of notice in general

Motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction, for purposes of perfecting an appeal.

33 Cases that cite this headnote

**[6]** **Infants** 🔑 Scope, Standards, and Questions on Review

Mother waived Supreme Court's consideration of her contentions that she received ineffective assistance of counsel in proceeding for involuntary termination of her parental rights, and that statute providing for accelerated appeals in parental rights termination cases was unconstitutional as applied, by failing to raise such contentions before the Court of Appeals. V.T.C.A., Family Code § 109.002.

13 Cases that cite this headnote

**Attorneys and Law Firms**

**\*923** Clinard J. Hanby, Robert B. Kalish, Laura Kalish, The Woodlands, Bruce K. Thomas, Law Office of Bruce K. Thomas, Dallas, for petitioner Susan Carroll Capps.

**\*924** Ronnie Jo Cohee, Richard J. Clarkson, Beaumont, for respondent Louis Faucheaux.

Rod J. Paasch, Nederland, for other interested party K.A.F.

**Opinion**

Justice O'NEILL delivered the opinion of the Court.

In this case, we must decide whether the rules of appellate procedure permit post-judgment motions to extend the appellate deadline for filing an accelerated appeal. We hold that they do not. We further hold that filing a motion for new trial may not be considered a bona fide attempt to invoke the appellate court's jurisdiction. Accordingly, we affirm the court of appeals' judgment.

## I

Louis Faucheaux petitioned the trial court to involuntarily terminate Susan Carroll's [1] parental rights to their daughter, K.A.F. The jury found that Carroll's rights should be terminated, and the trial court signed a final order of termination on November 3, 2003. On November 10, 2003, Carroll filed a "Motion for New Trial: Alternatively, Motion to Modify the Judgment," which the trial court denied a week later. Carroll filed a notice of appeal on January 16, 2004, seventy-four days after the trial court signed its final order.

The court of appeals dismissed the appeal for want of jurisdiction, holding that, because Carroll's notice of appeal was filed more than twenty days after the judgment was signed, the notice was untimely under Texas Rule of Appellate Procedure 26.1(b), which governs accelerated appeals and applies to parental rights termination cases. 221 S.W.3d 78, ——, 2004 WL 527024, *1. We granted Carroll's petition for review to determine whether the court of appeals' dismissal was proper.

## II

Texas Rule of Appellate Procedure 26.1 sets out the time to perfect an appeal in civil cases:

### RULE 26. TIME TO PERFECT APPEAL

**26.1. Civil Cases**

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

Tex.R.App. P. 26.1. With this rule in place, the Legislature enacted **\*925** section 109.002 of the Family Code, which provides in pertinent part:

> An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts.

> The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.

Tex. Fam.Code § 109.002(a). Thus, rule 26.1(b) applies to an appeal in a parental rights termination case and requires that the notice of appeal be filed within twenty days after a judgment or order is signed. Tex.R.App. P. 26.1(b).

Carroll argues, however, that although rule 26.1(b) governs accelerated appeals and sets a twenty-day deadline, rule 26.1(a) should operate to extend the filing deadline to ninety days, even in an accelerated appeal, when a timely motion to modify the judgment is filed. To support her interpretation, Carroll cites rules 28.1 and 28.2, which provide that appeals from interlocutory orders and quo warranto proceedings are accelerated and that "[f]iling a motion for new trial will not extend the time to perfect the appeal." Tex.R.App. P. 28.1, 28.2. From this language, Carroll infers that filing one of the other post-judgment motions listed in rule 26.1(a), like a motion to modify the judgment, *will* extend the time to perfect an appeal from those two types of judgments. Carroll then argues that a similar rule should apply to other types of accelerated appeals and that her timely filed motion to modify the judgment thus extended the appellate deadline to ninety days.

 **[1]**   We find this argument unpersuasive for several reasons. First, the language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline. Second, rules 28.1 and 28.2 specifically apply only to interlocutory orders and quo warranto proceedings, respectively. Finally, as discussed below, before the procedural rules were amended in 1997, it was clear that there was no exception to the accelerated-appeal deadline, and we find no indication that such a major change was intended.

Prior to 1997, the deadlines for perfecting ordinary and accelerated appeals were governed by different rules. Rule 41, governing ordinary appeals, provided:

### RULE 41. ORDINARY APPEAL—WHEN PERFECTED

**(a) Appeals in Civil Cases.**

(1) *Time to Perfect Appeal*. When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury. If a deposit of cash is made in lieu of bond, the same shall be made within the same period.

Former Tex.R.App. P. 41(a)(1) (1986, amended 1997). Despite the rule's specific reference to motions for new trial and requests for findings of fact and conclusions of law, the courts of appeals were almost entirely uniform in holding that *any* motion requesting a substantive change in the judgment would operate to extend the appellate timetable. *Ramirez v. Williams Bros. Constr. Co.,* 870 S.W.2d 551, 552 (Tex.App.-Houston [1st Dist.] 1993, no writ) (per curiam) (citing *U.S. Fire Ins. Co. v. State,* 843 S.W.2d 283, 284 (Tex.App.-Austin 1992, writ denied), *Miller Brewing Co. v. Villarreal,* 822 S.W.2d 177, 179 (Tex.App.-San Antonio 1991), *rev'd on other grounds,* 829 S.W.2d 770 (Tex.1992), *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 887 (Tex.App.-Corpus Christi 1991, no writ), and *Brazos* **\*926** *Elec. Power Coop., Inc. v. Callejo,* 734 S.W.2d 126, 129 (Tex.App.-Dallas 1987, no writ)). *Contra First Freeport Nat'l Bank v. Brazoswood Nat'l Bank,* 712 S.W.2d 168, 170 (Tex.App.-Houston [14th Dist.] 1986, no writ).

Rule 42, which governed accelerated appeals, provided:

### RULE 42. ACCELERATED APPEALS IN CIVIL CASES

**(a) Mandatory Acceleration.**

(1) Appeals from interlocutory orders (when allowed by law) shall be accelerated. In appeals from interlocutory orders, no motion for new trial shall be filed....

(2) Appeals in quo warranto proceedings shall be accelerated. In quo warranto, the filing of a motion for new trial shall not extend the time for perfecting the appeal....

(3) In all accelerated appeals from interlocutory orders and in quo warranto proceedings, the bond, or the notice or affidavit in lieu thereof, shall be filed, or the deposit in lieu of bond shall be made, within twenty days after the judgment or order is signed....

Former Tex.R.App. P. 42(a) (1986, amended 1997). The pre–1997 rules thus provided that, while certain post-judgment motions would extend the appellate deadlines in ordinary appeals, such motions, to the extent they were permitted to be filed at all, did not affect the twenty-day deadline for accelerated appeals.

In 1997, the rules were amended. Former rule 41 is now rule 26, and former rule 42, with the exception of the deadlines to perfect the appeals, is now rule 28. The comments to the amended rules help clarify what substantive changes were intended. The rule 26 (appellate deadlines) comment notes simply:

> This is former Rule 41. All times for perfecting appeal in civil cases—including the time for perfecting a restricted appeal—are stated. An extension of time is available for all appeals. The provisions of former Rule 41(c) regarding prematurely filed documents are moved to Rule 27. Nonsubstantive changes are made in the rule for criminal cases.

Tex.R.App. P. 26 cmt. The rule 28 (accelerated appeals) comment states:

> This is former Rule 42. A motion for new trial is now permitted in an appeal from an interlocutory order, but it does not extend the time to perfect appeal. The deadlines for filing items in an accelerated appeal are moved to other rules. *See* Rules 26.1, 35.1 [appellate record] and 38.6 [appellate briefs]. Former Rule 42(b), regarding discretionary acceleration, is omitted as unnecessary. *See* Rule 40.1. The provision in former Rule 42(c) allowing the court to shorten the time to file briefs is omitted as unnecessary. *See* Rule 38.6.

Tex.R.App. P. 28 cmt. Thus, the key changes with regard to the deadline for perfecting appeals were: (1) all deadlines for perfecting appeals in civil cases were moved to a single rule (rule 26); (2) an extension of time was made available for all appeals on proper motion to the court of appeals, *see* Tex.R.App. P. 26.3; and (3) motions for new trial could now be filed in interlocutory appeals, but, as was already the case in quo warranto proceedings, such motions would not extend the appellate deadlines.

 **[2]**    We find nothing in either the language of the amended rules or the comments thereto that would support Carroll's interpretation, which would have constituted a major change from the pre–1997 version. Significantly, the fact that former rule 42 specifically provided that filing a motion for new trial would not extend the deadline in quo warranto proceedings did *not* imply that filing other post-judgment motions would extend the deadline. Former **\*927** Tex.R.App. P. 41, 42. We see no reason to read such an implication into the same language in the amended rules. In an ordinary civil appeal in which the deadline to file the notice of appeal is otherwise thirty days after the judgment or order is signed, filing one of the post-judgment motions identified in rule 26.1(a) extends the deadline to ninety days. But we hold that in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. Allowing such post-order motions to automatically delay

the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place. Because Carroll did not file a motion for extension of time under rule 26.3 and her notice of appeal was not filed within twenty days after the trial court signed the final order terminating her parental rights, her notice of appeal was untimely and failed to invoke the jurisdiction of the court of appeals.


### III


 **[3]**    We turn to Carroll's alternative argument that, even if her notice of appeal was untimely, her motion for new trial, which was filed within twenty days after the judgment was signed, was sufficient in itself to perfect an appeal. The court of appeals did not address this argument.


 **[4]**    Carroll relies on the well-settled proposition that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *E.g., Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.,* 813 S.W.2d 499, 500 (Tex.1991); *see also Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex.1997) (reaffirming the principle that "appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal"). In support of her specific contention that a motion for new trial can operate to perfect an appeal, Carroll cites *In re M.A.H.,* 104 S.W.3d 568, 570 (Tex.App.-Waco 2002, no pet.). There, the court held, as we do today, that the mother's motion for new trial did not extend the due date for her notice of appeal. *Id.* at 569. But a divided court held that the appellant's motion for new trial could be treated as an instrument that was filed in a "bona fide attempt" to invoke the court's jurisdiction. *Id.* That holding has been criticized by a number of other appellate courts, with whom we agree. *C. Chambers Enters. v. 6250 Westpark, LP,* 97 S.W.3d 333, 334 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *In re J.N.W.,* 2003 WL 21255637 (Tex.App.-Tyler 2003, no pet.); *Lane v. Burkett,* No. 13–04–290–CV, 2004 WL 1687913 at *1 (Tex.App.-Corpus Christi July 29, 2004, no pet.).


In *Grand Prairie,* we held that a court of appeals may not dismiss an appeal in which the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error, as long as the instrument was timely filed in a bona fide attempt to invoke the appellate court's jurisdiction. 813 S.W.2d at 500. Filing a motion for new trial, however, simply does not qualify as such an attempt. As the dissent noted in *In re M.A.H.,*

> [S]eldom, if ever, could a motion for new trial be intended to invoke [the court of appeals'] jurisdiction, because the express purpose of a motion for new trial is just that, to have the trial court order a new trial, not to obtain appellate review of the judgment. Even if ... a motion for new trial was a necessary predicate to bring an issue on appeal, the motion for new trial would have  **\*928**  been properly characterized as a prerequisite to an appeal, not an effort to invoke appellate jurisdiction.

104 S.W.3d at 571 (Gray, J., dissenting); *see also Besing v. Moffitt,* 882 S.W.2d 79, 82 (Tex.App.-Amarillo 1994, no writ) (filing a request for findings of fact and conclusions of law insufficient to perfect an appeal under *Grand Prairie* ). Though there are myriad reasons why a party might file a motion for new trial, we fail to see how invoking the court of appeals' jurisdiction could reasonably be considered one of them. Indeed, because filing a motion for new trial *extends* the deadline to file a notice of appeal in most civil cases, Tex.R.App. P. 26.1(a), a motion for new trial logically cannot also serve as a *substitute* for a notice of appeal.


 **[5]**    We conclude that a motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction under the *Grand Prairie* and *Verburgt* line of cases. We therefore hold that, although Carroll's motion for new trial was timely filed and preserved her request for a second chance in the trial court, it did not operate to timely perfect her appeal.

**IV**

 **[6]** Finally, Carroll raises two constitutional issues should we hold, as we have, that her appeal was untimely. First, Carroll contends she received ineffective assistance of counsel and should be allowed to pursue an out-of-time appeal. Second, she argues section 109.002 of the Family Code, which provides that appeals in parental rights termination cases shall be accelerated and governed by the rules of appellate procedure for accelerated appeals, is unconstitutional as applied. However, Carroll waived these arguments by failing to raise them in the court of appeals.

After the court of appeals informed Carroll that her appeal was untimely, she filed a "Brief on the Issue of Jurisdiction" in the court of appeals. She also filed a motion for rehearing after the court dismissed her appeal. In none of her filings with the court of appeals did Carroll raise any constitutional arguments. We have held that the rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error. *In re B.L.D.,* 113 S.W.3d 340, 350–51 (Tex.2003) (fundamental-error doctrine does not apply to procedural preservation rules, nor does due process require appellate review of unpreserved complaints in parental rights termination cases); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry,* 46 S.W.3d 857, 861 (Tex.2001) (failure to assert constitutional claim in trial court bars appellate review of claim). While Carroll's constitutional complaints relate to her appeal and therefore could not have been asserted in the trial court, she was required to raise them in the court of appeals in order to preserve error. Because she did not, her constitutional complaints are waived.

* * * * * *

We hold that, when an appeal is accelerated, the deadline for filing a notice of appeal under Texas Rule of Appellate Procedure 26.1(b) is twenty days after the judgment or order is signed, and the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline. We also hold that filing a motion for new trial does not constitute a bona fide attempt to invoke the court of appeals' jurisdiction for purposes of perfecting an appeal. Accordingly, we affirm the court of appeals' judgment dismissing the appeal for want of jurisdiction.

**All Citations**

160 S.W.3d 923, 74 USLW 3132, 48 Tex. Sup. Ct. J. 565

Footnotes

1    In the trial court and court of appeals, Ms. Carroll was referred to as Susan Carroll Capps. In her filings in this Court, she states that she is now known as Susan Carroll; we will refer to her accordingly.

---

**End of Document**    © 2015 Thomson Reuters. No claim to original U.S. Government Works.